## CITY OF DALLAS et al. v. BURNS.*
(No. 8993.)

(Court of Civil Appeals of Texas. Dallas. April 14, 1923. Rehearing Denied May 12, 1923.)

**Municipal corporations ⬤⇒601—Municipality held without power to prevent erection of store in residential district.**

A city is without power, through ordinance or otherwise, to prohibit erection of a business building such as a retail grocery store or drug store in a residential district, in compliance with the demands of a reasonable code and that part of an ordinance attempting to grant to municipal authorities the power to prohibit such erection is invalid.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by E. S. Burns against the City of Dallas and others, for mandamus and other relief. From a decree for plaintiff, defendants appeal. Affirmed.

J. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellants.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

JONES, C. J. Appellee, E. S. Burns, is the owner of a triangular shaped lot fronting on Greenville road and Henderson avenue in the city of Dallas, described as lot 15 in block 1486 of the city of Dallas, located in the residence section of the city of Dallas. He desired to erect on said lot a brick building, in conformity to the building code of the city of Dallas, to be used for the purpose of conducting either a retail grocery store or a retail drug store. Appellee made the usual application to the building in-

spector of the city of Dallas for the issuance of a permit for the construction of said building. Acting in conformity with the ordinance prescribing his duties under such conditions, the building inspector declined to issue a building permit, and the matter was referred to the mayor and city commissioners of the city of Dallas. A hearing was had by said commissioners, which hearing was attended by appellee and a number of the property owners and residents near said property, and especially those residing within a radius of 300 feet from where the building was to be constructed. After this hearing the commissioners denied to appellee a permit for the construction of said building. Appellee thereupon appealed to the board of appeals, authorized and created by ordinance, for the purpose of reviewing the action of the city commission in either granting or refusing permits for the erection of buildings. A hearing was also had before this board of appeals, which was attended by appellee and a number of said property owners in the vicinity of the proposed building. After this hearing the board of appeals again denied the right of appellee to have issued to him a permit for the erection of said building.

Thereupon appellee filed his petition in the district court of Dallas county, praying for the issuance of a writ of mandamus commanding the authorities of the city of Dallas to issue him said building permit to erect the building for said purposes, and further praying that the city of Dallas and certain named city officers be enjoined from interfering with, or molesting him in, the erection of said building on said premises. The city of Dallas, the mayor, the four commissioners, city attorney, building inspector of the city of Dallas, and the chief of police of the city of Dallas were each made parties and are each appellants herein. The cause was duly set for hearing, legal notice issued and, upon hearing, the court held that appellee was entitled to the relief prayed for, and entered the following decree:

"It is therefore ordered, adjudged, and decreed that the plaintiff, E. S. Burns, is entitled to erect a brick business building upon his property described as lot No. 15 of block 1496B, according to the official map of the city of Dallas, as prayed in his petition, the said E. S. Burns having agreed in open court that no part of the said building would be upon lot 14 of said block 1496B; and the defendants the city of Dallas, Sawnie Aldredge, mayor, and Louis Blaylock, Fred S. Appel, J. D. Rose, and Louis S. Turley, as board of commissioners, and D. C. McCord, as building inspector, of the city of Dallas, are hereby commanded and enjoined and immediately after the receipt of a copy of this order they shall issue to the plaintiff, E. S. Burns, a permit to erect a brick business building upon his said lot before described, in accord with plans and specifications to be filed by him with the said D. C. McCord, as building inspector of the city of Dallas, and due return shall be made by the said defendants within five days from this date showing how the order has been executed; and the said defendants the city of Dallas, Sawnie Aldredge, mayor, Louis Blaylock, Fred S. Appel, J. D. Rose, and Louis S. Turley, as board of commissioners, D. C. McCord, building inspector, J. J. Collins, as city attorney, and L. W. Brown, as chief of police, of the city of Dallas, their successors, representatives, agents, and attorneys, are hereby enjoined from in anywise preventing or interfering with the said plaintiff in the erection of his said building upon his said lot, before described, after the issuance of said permit, when the plaintiff shall have filed a good and sufficient bond in the sum of one thousand dollars."

The pleadings of the parties are extremely lengthy, covering, combined, about 75 pages of the transcript. No good purpose can be served by giving even the substance of these pleadings. The disposition of this case rests upon the single question as to the validity of that portion of the ordinance of the city of Dallas, under which the board of commissioners and the board of appeals acted, in refusing the permit for the erection of the building in question. While there is some question made as to a compliance by appellee with the building ordinance as to the street the building should face, we find that appellee did propose to comply with that ordinance in that respect.

This question is not a new one in this court. In the case of Spann v. City of Dallas et al., 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, the Supreme Court of this state held, in a very elaborate opinion, that the city of Dallas did not have the power it is attempting to use against appellee, and held the ordinance of the city of Dallas then in existence invalid. The present ordinance is an amendment of the ordinance pronounced against in the Spann Case, but, in respect to the matters involved in this case, the question passed upon and decided in that case and the question to be decided in this case are precisely the same. It is true that, by the amended ordinance, the aggrieved party is given a hearing before the board of commissioners and the right of appeal to a board of appeals created by the city of Dallas. These bodies are directed by the said ordinance to deny any application made for a building permit for the erection of a business house in the residence districts of the city, when they deem that the granting of same will injure the property or be hurtful to the residents of said district. Such finding was made by each of these bodies in the instant case. However, the Supreme Court in the Spann Case held, as a matter of law, that the erection of a business building in a residence district for the purpose for which this proposed building is designed, and, in compliance with the demands of a reasonable building code, could not be forbidden under any of the pretenses upon which the

findings of these boards are based. This decision is binding on this court, and, under the rule of law announced therein, these hearings and these findings can avail nothing.

The following quotation from the Spann Case, supra, very aptly and forcibly states the view of the Supreme Court on this question:

"It is idle to talk about the lawful business of an ordinary retail store threatening the public health or endangering the public safety. It is equally idle in our opinion to speak of its impairing the public comfort or as being injurious to the public welfare of a community. Retail stores are places of trade, it is true, but as ordinarily conducted they are not places of noise or confusion. This is particularly true of small stores, such as it appears the plaintiff contemplated erecting. The ordinary trading that goes on within them is reputable and honorable, and can hurt nobody. According to common experience it is done in an orderly manner. It could disturb or impair the comfort of only highly sensitive persons. But laws are not made to suit the acute sensibilities of such persons. It is with common humanity—the average of the people—that police laws must deal. A lawful and ordinary use of property is not to be prohibited because repugnant to the sentiments of a particular class. The ordinance visits upon ordinary retail stores, engaged in a useful business, conducted in an orderly manner, frequented, and availed of by respectable people, and doubtless serving as a convenience to many, all the proscription visited upon common nuisances. In the face of common knowledge that they are ordinarily respectable and peaceable places for the conduct of perfectly lawful pursuits evolved out of recognized customs and habits of the people as old as American life, the ordinance deals with them as though they had all the offensive character of a nuisance. But their treatment, in effect, by the ordinance as a nuisance does not make them so. It is a doctrine not to be tolerated in this country that either state or municipal authorities can by their mere declaration make a particular use of property a nuisance which is not so, and subject it to the ban of absolute prohibition. Yates v. Milwaukee, 10 Wall. 497; 19 L. Ed. 984. * * * It is doubtless offensive to many people for a store to be located within a given area where they own residence property. Others would possibly regard the store as a convenience. An æsthetic sense might condemn a store building within a residence district as an alien thing and out of place, or as marring its architectural symmetry. But it is not the law of this land that a man may be deprived of the lawful use of his property because his tastes are not in accord with those of his neighbors."

The amended ordinance was before this court in the case of City of Dallas v. Mitchell (Tex. Civ. App.) 245 S. W. 944, in which case the city of Dallas was making the contention that it was given the power to deny the issuance of a permit for the construction of a building for a business similar to the one

in this case, and in another elaborate opinion, rendered by Chief Justice Sergeant, this court held that, in so far as the city attempted to exercise such power under said ordinance, same was unconstitutional. The Supreme Court denied a writ of error in this case, thus adhering to the principles announced by it in the Spann Case.

We therefore hold that the city of Dallas is without power through ordinance or otherwise to prohibit the erection of the building in question; and that the ordinance, in so far as it purports to grant to the city's municipal authorities power to prohibit same, is invalid. Appellee having a clear right to have issued to him the building permit, and this right being denied him by the municipal officers charged with such duty, the trial court did not err in awarding the mandamus.

Believing that all matters at issue in this case have heretofore clearly and distinctly been decided adversely to the contentions of appellants by the two cases above cited, we are of the opinion that this case should be affirmed.

Affirmed.