## CITY OF DALLAS et al. v. McELROY.* (No. 9047.)

(Court of Civil Appeals of Texas. Dallas. June 16, 1923. Rehearing Denied Oct. 6, 1923.)

**1. Abatement and revival ⟨⟩15—Action not abated where prior suit pending is dismissed.**

Where a suit had been dismissed and the costs paid before the hearing in a second suit between the same parties involving the same cause of action in a court of the same jurisdiction, the prosecution of the second suit, being an election, will not be abated.

**2. Dismissal and nonsuit ⟨⟩42—Dismissal of suit leaves cross-action to be adjudicated independently.**

Where defendant filed a cross-action to a suit, and subsequently plaintiff dismissed the suit, such dismissal left the cross-action for independent adjudication, and did not impair defendant's demand for affirmative relief.

**3. Injunction ⟨⟩133—Interlocutory mandatory injunction to compel issuance of building permit properly granted.**

A refusal of city officials to issue a building permit to plaintiff because a void and unenforceable zoning ordinance gave them power to withhold it, or because adjoining property owners objected, or because city officials deemed such construction unwise, was a willful and unlawful invasion of plaintiff's right, entitling him to a mandatory injunction upon interlocutory application.

**4. Injunction ⟨⟩77(1)—Mandatory injunction may issue to compel issuance of building permit.**

Mandatory injunction may issue to compel city officials to issue a building permit when the situation discloses that speedy relief is needed and ought to be afforded; mandamus not affording plaintiff an adequate remedy.

─────────────────────────────

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 21, 1923.

On Motion for Rehearing.

**5. Action &#x269A;32 — Meaning of statement that distinctions between law and equity are not recognized explained.**

The meaning of the statement that distinctions between law and equity are not recognized does not mean that equity rules are not applied, but that rules of equity are distinguished from rules of law, and equity and law are blended in the courts, so as to remove the distinctions between courts of law and courts of chancery and differences in procedure.

**6. Action &#x269A;32—Distinctions between mandatory injunction and mandamus not so strictly adhered to where distinctions between law and equity not recognized.**

Where distinctions between law and equity are not recognized, courts are not so strictly confined to the distinctions between mandatory injunction and mandamus in extending relief as are courts which adhere to the common law.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Howard D. McElroy against the City of Dallas and others. From an interlocutory order granting a temporary injunction and a mandatory order that a building permit issue, defendants appeal. Affirmed.

J. J. Collins, City Atty., and Allen Charlton and Hugh S. Grady, Asst. City Attys., all of Dallas, for appellants.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

HAMILTON, J. This suit against the city of Dallas and certain of its executive and administrative officers was filed by appellee to obtain an injunction preventing illegal interference by appellant with the construction of a business building on a lot owned by appellee in Dallas, and mandatorily requiring one of the appellants, the building inspector of Dallas, to issue a building permit to appellee for the erection of the proposed structure. One of the duties of the building inspector is to issue building permits upon application in proper cases, and, under police regulations of the city of Dallas, the issuance of a permit is a prerequisite to constructing any building within that city. Appellee prayed for a temporary injunction, including a preliminary mandatory order requiring the building inspector immediately to issue to appellee the desired building permit.

When the petition was filed the trial court set the case for hearing on the prayer for interlocutory orders, and had notice given to appellants to appear and show cause why the relief should not be granted. In response to this notice appellants appeared and answered by exhaustive pleadings in resistance to the suit. The case was heard upon proof which appears to have been as complete as could be presented upon a final hearing.

This proof contains no issue of disputed fact to be determined by a court or jury. The only question presented being the legal effect of the uncontroverted evidence, the court sustained appellee's contention, and, from the interlocutory order entered granting the injunction, including a mandatory order that the building permit issue, this appeal is prosecuted upon only two propositions. They are: First, that the court erred in overruling appellants' plea in abatement; and, second, that the court erred in granting a temporary mandatory injunction.

The plea in abatement was predicated upon the proposition that the same suit between the parties involving the identical issue had first been filed in the Forty-Fourth district court of Dallas county, and that, this suit subsequently filed in the Sixty-Eighth district court of Dallas county being identical with the other previously filed, and appellants having already filed their cross-action therein, the instant suit should abate because of the pendency of the suit previously filed in the Forty-Fourth district court, which had first obtained jurisdiction and still retained jurisdiction.

It appears from the statements of appellee's counsel that the suit originally filed in the Forty-Fourth district court had been dismissed and the costs paid before the hearing in the instant case was begun below.

[1, 2] The common-law rule that a pending suit between parties constitutes cause for abating a subsequently filed suit between the same parties involving the same cause of action in a court of the same jurisdiction is not applied in this state. The rule is modified to the extent that the court may require the plaintiff to elect which of the suits he will prosecute, and, having elected, to abandon the other suit and pay the costs of court. If the plaintiff refuses to elect, then the court may dismiss. Wilkerson v. Railway Co. (Tex. Civ. App.) 171 S. W. 1041 (writ of error denied); International, etc., Ry. Co. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292 (writ of error denied). It has been held that the prosecution of the suit first brought between the same parties in a court of the same jurisdiction and involving the same issues is an election by the plaintiff as to which of them he will prosecute, and that the subsequently filed suit can be abated when reached. Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315. Applying this rule conversely, it logically follows that the prosecution of the suit last brought constitutes an election by the plaintiff that he will prosecute it and abandon that first filed, and, accordingly, it can be abated when it is reached. We are therefore of the opinion that the court did not err in overruling the plea in abatement, because the prosecution of it by appellant was an election as

between the two suits. Whatever cause of action may have been asserted by appellants in the suit filed in the Forty-Fourth district court is not impaired by plaintiffs' election to dismiss his demand therein asserted and subsequently adjudicated in the court from which this appeal comes. The dismissal is a mere abandonment of appellee's affirmative demand for relief, and not an impairment of affirmative relief asserted by appellants in their cross-action. The cross-action remains to be adjudicated independently.

While, as a rule, equity jurisdiction is rarely exercised by way of mandatory injunction upon interlocutory application, yet it is well settled that such an order may issue before final hearing in extreme cases where the right is clearly established and serious injury results from the invasion of the applicant's rights. In cases of willful and unlawful invasion of a plaintiff's right, the injury being a continuing one, a preliminary mandatory injunction will issue, it appearing to the court that full and adequate relief at law is not afforded.

[3] The facts in this case conclusively show that the acts committed by appellants are without any justification whatever, and wholly indefensible. The only reason assigned for the conduct of the city of Dallas and its officers in refusing the building permit was that the board of commissioners objected to the erection of a store building on the lots owned by appellee because they were in a residential district, and owners of nearby property protested. The responsible executive officers of the city of Dallas testified that the permit was declined on the ground that the construction of the store building which appellee desired to erect in the location would depreciate the value of the homes of people in that vicinity.

Appellee is a citizen and property owner in the city of Dallas. He owns vacant lots on Maple avenue in the residential section of the city, on which the building in controversy is to be erected. For the protection of highly developed residential sections against the encroachment of business buildings the city of Dallas enacted a "zoning ordinance" which constitutes the only basis for the exercise of authority by the city of Dallas and its officers in denying building permits for the erection of business structures of a kind which are not nuisances, or which, in their very nature, may not become nuisances, in residential sections of the city. Again and again this ordinance has been declared void and unenforceable by the courts of this state. It is now the settled law that the city of Dallas and its officers are not warranted in refusing a property owner a permit to build a business house in a residential district merely on the ground that other property owners in the vicinity of the pro-

posed building object, or upon the ground that the officials of the city deem it unwise to permit the construction of such buildings in such districts. Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387; City of Dallas v. Mitchell (Tex. Civ. App.) 245 S. W. 944; City of Dallas v. Burns, 250 S. W. 717 (recently decided by this court, but not yet [officially] reported). Thus it appears conclusively from the facts of this case that the conduct of the city of Dallas and its officers complained against constitutes a willful and unlawful invasion of appellee's right. We can say with certainty that a different judgment could not be entered upon final hearing. This being so, we believe that under the authorities and the practice in this state the court was not without authority to enter the order appealed from. 1 High on Injunctions, p. 7.

Authorities recognize the granting of preliminary mandatory injunctions to be more freely practiced in jurisdictions in which distinctions between law and equity do not exist than in those which adhere to the common law.

[4] High, in discussing interlocutory mandatory injunctions, declares that in those states where the distinctions between law and equity have been abolished a mandatory injunction is not to be distinguished from a mandamus. 1 High on Injunctions, p. 6. The distinctions between law and equity have never obtained in Texas. They were not recognized in the earliest times when the civil law of Mexico was administered. They were unknown to the Constitution of Coahuila and Texas. After independence the Constitution of the republic ignored them. Each succeeding Constitution of the state has expressly denied their existence. At most, the distinction in this state is a very narrow one. In some aspects it may be said to be more one of form than of substance. Certainly a mandamus would lie to compel the issuance of the building permit in this case. City of Dallas v. Burns, supra. At the same time, since proceeding by mandamus in practical effect would necessarily entail long delay, it seems to us that it cannot be said to afford appellee an adequate remedy, since the situation discloses that speedy relief is needed and ought to be afforded.

This case presents a peculiar and startling manifestation of disregard for the settled law of the land. Repeatedly the courts have declared with complete finality the assertion by the appellant of the authority it is attempting to exercise over appellee's property to be a constitutionally inhibited invasion of fundamental property rights. Spann v. City of Dallas, supra; City of Dallas v. Mitchell, supra; City of Dallas v. Burns, supra. These decisions constitute the concrete expression of the law denying

to the city of Dallas and its officers any authority to refuse appellee a building permit for such reasons as prompted them in this case. A governmental agency clothed with the sovereign power and duty of protecting the lawful personal and property rights of citizens, capriciously seeking through the exercise of its authority to destroy or impair, without warrant of law, one citizen's property for the benefit of another citizen's property, or to satisfy erroneously conceived ideas of propriety, demands prompt judicial disapproval. Appellants' attitude cannot be justified. Although its officers may be moved by a conviction that the welfare of the city and its inhabitants is conserved through its course, paramount to this conviction is the necessity that its conduct be conformed to the·plainly declared and well-understood law controlling the specific matter at issue. Appellee, in the pursuit of his purpose to erect the building, was but exercising a right accorded by law and guaranteed by the Constitution. An arbitrary obstruction of this right by appellant is not to be tolerated merely because an assertion of it conflicts with an unlawful policy of appellant or the desires of other property owners.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant was afforded ample opportunity to file exhaustive pleadings in opposition to appellee's suit, and was extended a full hearing copiously introducing evidence. The pleadings. upon which appellant rested its resistance are most elaborate and complete. The evidence adduced by appellant was exhaustive, and was of a nature which definitely established the truth of the situation and with certainty precluded the entry of a different judgment upon a final hearing. The parties presented the case on both sides to a finality, from the standpoint of evidence. Appellant was accorded and availed itself of every opportunity to present all the facts in its behalf. As above stated, the proof clearly disclosed the inevitable final result. To all intents and purposes there was a final hearing. The record conclusively establishes that a different judgment could not be entered upon a final hearing. This court constantly has been mindful of the severity and extraordinary nature of the remedy granted. It is one to be accorded only in cases of extreme distress, and only with the greatest caution; but that it was properly granted in this case is a proposition not without sound authority to sustain it. 14 R. C. L. pp. 317–319, and authorities there cited.

[5, 6] Our declaration that distinctions between law and equity are not recognized in Texas apparently is regarded by appellant's counsel as an astounding assertion. This attitude they express in their motion for rehearing. Such view results from a misapprehension of what is said on this feature in the court's opinion. We, of course, do not announce the apocryphal doctrine that the rules of equity are not applied by Texas courts. We do not fail to recognize that rules of equity are distinguished from rules of law in our jurisprudence, and the contrary we do not state. Equity and law are blended in our courts so as to remove the distinctions between courts of law and courts of chancery, and the procedural distinctions which differentiate them. This is the well-understood meaning of the statement that distinctions between law and equity are not recognized in this state. Suits are filed and pursued to final judgment without regard to whether they in their nature fall in the category of proceedings in equity or at law, the court applying whatever principles of law or of equity which control the questions involved. Such being the case, we restate the proposition that courts in Texas are not so strictly confined to the distinctions between mandatory injunction and mandamus, in extending relief, as are courts in jurisdictions which adhere to the common law.

The motion for rehearing is overruled.