**CITY OF WEST UNIVERSITY PLACE v. MARTIN et al.**

No. 10720.

Court of Civil Appeals of Texas. Galveston.

Feb. 3, 1938.

Rehearing Denied Feb. 17, 1938.

Robt. L. Sonfield, of Houston, for appellant.

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellees.

GRAVES, Justice.

The appellees—one of them the owner of a building lot located within what had been designated by the city's zoning ordinance as its "Seventh single-family dwelling-district," the other being his contractor for the erection of a building on that lot under agreed-upon plans between them —sought in this suit against the appellant, the city of West University Place, along with the members of its governing body, the issuance of a writ of mandamus compelling it to issue them a building permit for the erection of a frame or wooden building upon the lot as they had planned, and that during the construction thereof the city be temporarily restrained from in any way interfering therewith; they alleged they had complied in all respects with the city's requirements, but that the latter had refused them the coveted permit for the assigned reason that their stated plans and specifications did not conform to the city's zoning ordinance of June 11 of 1937, and particularly with sections 21 and 2 thereof, reading as follows:

Section 21: "The main building in the seventh single-family dwelling-district shall be constructed of brick, brick veneer, or stucco within the definitions of that term hereinabove given."

Section 2: "Brick, Brick Veneer, or Stucco: By this term is meant a building, of which 51% or more of the exterior surfaces are constructed of brick veneer, solid brick, hollow tile, stone, concrete, marble, glass, or a combination of any of these materials."

Their prayer for such relief was as follows:

"Wherefore, plaintiffs pray that the said defendant be cited to appear and answer this petition and that upon hearing of this cause they have judgment for the issuance of a writ of mandamus and a mandatory injunction compelling and requiring the City Council of the City of West University Place to issue a building permit, permitting the erection and construction of a house according to the plans and specifications agreed upon by plaintiffs and that during the erection and construction of said house that the defendants be enjoined and restrained from harassing and molesting plaintiffs, from causing an arrest or prosecution for violation of said ordinance, and from in any manner interfering with the erection and construction of said building. That plaintiffs recover all costs in this behalf expended and that they have judgment for such other and further relief, either in law or in equity, as they may prove themselves justly entitled to."

The appellant city filed answering pleadings, admitting the refusal of the building permit in the manner and for the reason so charged, and contesting the granting of any of the prayed-for relief to the appellees, on the main ground that its refusal of the permit had been in full compliance with the authority vested in it under the challenged zoning ordinance, which measure, in turn, was a valid exercise by the city of the powers and privileges it enjoyed under the state zoning statutes, known as Vernon's Ann.Civ.St. arts. 1011a–1011h, inclusive, as well as under the like fire-prevention statutes, known as Vernon's Ann.Civ.St. arts. 1067–1070a, inclusive.

The learned trial court, after a full hearing of the controversy, at which all the parties participated in person and by their attorneys, and upon the basis of an agreed statement of facts in writing so presented to it by them as embodying what they deemed the material matters of evidence involved, entered in the form of an interlocutory order, in substance, this judgment:

"It is, therefore, ordered, adjudged and decreed by the court that a writ of Mandamus and a Temporary Mandatory Injunction be issued by the clerk of this court directed to Harvey Fleming, R. B. Allen, and Frank M. Mainous, as the Mayor and City Council of the City of West University Place, commanding them to issue a building-permit for the erection and construction of a building according to plaintiffs' plans and specifications.

"It is further ordered, adjudged and decreed by the court that the defendant, City of West University Place, and Harvey Fleming, its Mayor, and R. B. Allen and Frank M. Mainous, as City Commissioners, be and are hereby temporarily enjoined and restrained from harassing and molesting plaintiffs, from causing the arrest or prosecution of plaintiffs, and from in any manner interfering with the erection and construction of said building."

This appeal comes here on a challenge of that action by the city, upon which it

reiterates its positions taken below, and insists that it was well within its powers and privileges in so declining to issue the appellees the requested permit, under the power the city had then acquired both from the state zoning and the fire-prevention statutes cited supra.

As indicated, the facts so agreed upon at the hearing, which same written statement thereof has been brought up as the statement of facts upon this appeal, were full and complete; they showed that the appellees had met all requirements of the declared-upon zoning ordinance in their application for the building permit, except the one requirement thereof that the main building of any construction in that "seventh single-family dwelling-district" of the city should be constructed of brick, brick veneer, or stucco, wherefore the sole question presented is one of law.

■ That a writ of mandamus to compel the issuance of a building permit—aided by an ancillary one of temporary injunction to secure its enforcement and prevent the frustration of the right upon which it rests —is a proper, if not to say an adequate, remedy in a cause of this sort, is well settled by our authorities. 24 Tex.Jur., Injunctions, par. 82, and footnote cited cases at page 118; 28 Tex.Jur., Mandamus, par. 23, and footnote cited authorities at page 554; also same volume and title, par. 4, page 518, and footnote cited cases on pages 519 and 520; City of Dallas v. McElroy, Tex.Civ.App., 254 S.W. 599, writ dismissed; City of Dallas v. Burns, Tex.Civ.App., 250 S.W. 717, writ refused; McLaughlin v. Smith, Tex.Civ.App., 140 S.W. 248, writ refused; Old River Irr. Co. v. Stubbs, 63 Tex.Civ.App. 350, 133 S.W. 494, writ refused.

■ Neither, in the recited circumstances here existing—that is, the hearing looking to the issuance of the writ having been to all intents and purposes a final one, with all the material facts necessary to a determination of whether or not it should be issued being before the court in an agreed statement thereof in writing of both parties —was it any objection that the application therefor had been an interlocutory one; this precise question in a very similar case that has already been cited, City of Dallas v. McElroy, was so determined by the Dallas Court of Civil Appeals with the approval of the Supreme Court in its refusal of a writ of error; see 254 S.W. 599, at pages 601 and 602; indeed, upon that point

it is thought the contributing facts in the McElroy Case were in effect on all-fours with those obtaining here, hence no contention upon this appeal can be properly made that this challenged judgment was entered at a hearing called for an interlocutory purpose only.

While there has been some confusion in the briefs and arguments in this court as to the character and consequent effect of the order so entered by the learned trial court, that is all thought to disappear when the terms of the judgment are construed in connection with the averments of the appellees' petition for it, which have been adverted to; in other words, in substance and effect, they sought the writ of mandamus for the purpose of procuring the issuance of the permit, and, as ancillary thereto, the further aid of a preventive writ of injunction, effective until they could build the house under it; that the judgment gave them, upon a conclusion that they had shown a clear right to the permit.

■ So that, the sole remaining inquiry is on the question of whether or not such a right was shown. This court, after a review of the authorities, concludes that it was, that the appellant city's zoning ordinance, in so far as it sought to prohibit the construction by the appellees of the frame building here involved, was not properly derived from Vernon's Ann.Civ.St. arts. 1011a–1011h, and was therefore void; further, since the undisputed proof before this court—indeed, the admission by the able counsel for appellant on the argument of the cause— shows that appellant city at the time of these transactions had never carried out the provisions of Vernon's Ann.Civ.St. arts. 1067 to 1070a by designating any fire limits within its boundaries, or otherwise qualified itself to exercise the powers granted by those state fire-prevention statutes embraced within chapter 6 of title 28 of our Revised Statutes, Vernon's Ann.Civ.St. arts. 1067–1070a, that it was left without authority to prohibit the construction of such a frame building.

An examination of these two series of statutes will disclose:

That the grant of power to such municipalities as appellant is for passing zoning ordinances is contained in cited Vernon's Ann.Civ.St. art. 1011a, which vouchsafes them no other authority whatever than "to regulate and restrict" buildings in these seven specific respects, and no others, to wit: (1) The height of buildings; (2) the num-

ber of stories; (3) the size of buildings and other structures; (4) the percentage of lot that may be occupied; (5) the size of yards, courts, and other open spaces; (6) the density of population; and (7) the location and use of building structures and land for trade, industry, residence, or other purposes.

█ Except as derived from that article, such cities did not and do not have any inherent zoning power. Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513, 19 A.L. R. 1387; Hill v. Storrie, Tex.Civ.App., 236 S.W. 234; City of Dallas v. Burns, Tex. Civ.App., 250 S.W. 717.

Indeed, the evidently careful confinement of the zoning power, as just indicated in the summary of article 1011a, seems to find its explanation when the fire-prevention policy of the state in such respects—embodied in Vernon's Ann.Civ. St. arts. 1067 through 1070a—is looked to, article 1067 being as follows, the italics being added here:

"The city council may prohibit the erection, building, placing, moving or repairing of wooden buildings within such limits of the city as it may designate and prescribe, in order to guard against the calamities of fire; and may within said limits prohibit the moving or putting up of any wooden building from without said limits, and may also prohibit the removal of any wooden building from one place to another within said limits, and may direct that all buildings within the limits so designated as aforesaid, shall be made or constructed of fire-proof materials, and may prohibit the rebuilding or repairing of wooden buildings within the fire limits when the same shall have been damaged to the extent of fifty per cent of the value thereof, and may prescribe the manner of ascertaining such damage; and may declare any dilapidated building to be a nuisance and direct the same to be repaired, removed or abated in such manner as they shall direct; to declare all wooden buildings in the fire limits which they deem dangerous to contiguous buildings, or in causing or promoting fires, to be nuisances, and require and cause the same to be removed in such manner as they shall prescribe."

█ Thus it would appear to have been the plain legislative purpose to make the power to prohibit wooden buildings a part of fire-prevention policy, rather than of that of zoning, and then to further con-

dition its exercise upon the city's first having designated and prescribed fire limits within it, which, as recited supra, had never been done in this instance.

It would therefore seem—from a reading of the zoning ordinance here under review—that appellant had undertaken therein to incorporate into a zoning ordinance a fire-prevention ordinance also, without having first complied with the specific provisions of quoted Vernon's Ann.Civ.St. art. 1067; it seems plain that that may not be done, and since the city had never designated any fire limits at all at the time of this controversy, it follows that it had no such right as it attempted to exercise.

It follows from what has been said that, in our opinion, our zoning-law statutes did not give cities like appellant the right to prohibit the construction of frame buildings within their limits, hence they did not have such right, unless they may have acquired it by a strict compliance with the separate and distinct provisions of the fire-prevention statutes.

Without further discussion, the judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.