## WARD v. PRIDDY et al.
### No. 12749.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 24, 1932.

Rehearing Denied Jan. 28, 1933.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

Williams, Neethe & Williams, of Galveston, and Bullington, Humphrey & King, E. C. De Montel, Weeks, Morrow & Francis, and Arch Dawson, all of Wichita Falls, for appellees.

DUNKLIN, Justice.

This suit was instituted by J. C. Ward to recover on two certain promissory notes, one in the principal sum of $25,000, and the other in the principal sum of $30,000, each drawing interest at the rate of 8 per cent. per annum, and each signed by the American Refining Company, a partnership composed of W. M. Priddy, N. B. Chenault, W. W. Silk, M. J. Bashara, P. P. Langford, R. M. Waggoner, and W. T. Willis, and payable to plaintiff's order. The partnership and the members of the partnership firm were made defendants, with the exception that Mrs. Olga Bashara, independent executrix of the estate of M. J. Bashara, deceased, was made a defendant as the representative of his estate.

It was alleged that the American Refining Company was engaged in the general oil producing and refining business in Wichita Falls, Tex., and elsewhere, and it, together with all the members of the partnership firm, transferred all of that property to a creditors' committee, composed of Fred W. Catteral, J. J. Perkins, F. F. Florence, Sam Householder, L. C. Hawkins, E. H. Eddleman, and J. C. Mytinger, and the creditors' committee, together with the component members thereof, were likewise made defendants. It was alleged that the transfer of the property to the creditors' committee was made with the understanding that it was to be operated by the assignee for the benefit of the creditors of the American Refining Company, and particularly to secure the payment of the two notes above mentioned held by the plaintiff; and that those notes were made for money loaned by plaintiff to the American Refining Company, and the same was used in the operation of the business of the refining company, and by reason of the premises the other defendants and the creditors' committee and each member thereof became liable therefor.

The principal defense urged by the defendant was that of estoppel by reason of a judgment rendered in the federal court in an insolvency proceeding, in which it was alleged that the plaintiff became an intervener therein, and accepted benefits of the judgment therein rendered.

The case was tried before the court without a jury, and plaintiff has prosecuted this appeal from a judgment denying him the relief prayed for.

The following are findings of fact and conclusions of law filed by the trial court:

"Findings of Fact.

"On the 4th day of May, 1927, and the 10th day of June, 1927, as alleged in the plaintiff's petition herein, the defendants executed and delivered to the plaintiff the notes described in said petition in the amounts and upon the terms as in said petition alleged and in the capacities as alleged in said petition.

Said notes were given for money borrowed from the plaintiff as alleged in said petition.

"Payments and credits have been made on said notes as alleged in paragraph 4 of said petition. The plaintiff placed said notes in the hands of his attorneys for collection and agreed to pay them the attorneys' fees as alleged in paragraph 5 of said petition.

"The time said notes were executed, the defendants, W. M. Priddy, N. B. Chenault, W. W. Silk, W. T. Willis, P. P. Langford, R. M. Waggoner and M. J. Bashara, since deceased, were partners in a partnership known as American Refining Company and at the same time they were directors in a corporation known as American Refining Company, Incorporated; said partnership existed before the incorporation of said corporation, and said corporation when incorporated took over the principal business of said partnership, which was the production and refining of oil and the marketing of gasoline and other oil products.

"On the 22nd day of August, 1927, in a certain cause filed on that date in the United States District Court of the Northern District of Texas, styled Universal Oil Products Company v. American Refining Company et al., No. 228, in equity, receivers were appointed to take charge of all the non-exempt assets of the individuals above named, as well as those of said American Refining Company, Incorporated, and all creditors of said defendants in said cause, hereinafter referred to as the federal case, were directed by the order of said court appointing said receivers to intervene in said cause, by proper petition addressed to said court; at said time said defendants in said federal case were indebted to a great number of parties, both individually and jointly and severally, as members of said partnership and as endorsers and guarantors on notes of said corporation, and all of said defendants and said corporation were at said time insolvent.

"Notice of said order was given to the plaintiff herein and that he placed his said notes in the hands of his attorneys, Bullington, Boone, Humphrey and King, and that said attorneys prepared and caused to be filed in said federal case for and on behalf of the plaintiff a petition of intervention on said notes, said petition having been filed with the clerk of the United States District Court of the Northern District of Texas on the 24th day of January, 1928, the master of chancery was appointed in said federal cause to hear and report findings on the interventions filed in said cause and on the 29th day of February, 1928, the plaintiff appeared before said master, was sworn, and gave evidence in support of his said intervention. Upon the evidence introduced, said master reported to his said court his finding and recommendation that the claim of J. C. Ward, the plaintiff herein on said notes, be allowed and that

judgment be rendered in his favor against the makers for the full amount except attorneys' fees. On the 21st day of June, 1928, said court approved said finding and recommendation and rendered judgment in accordance with said recommendations of said special master and in said judgment directed and decreed that all writs issue for the proper enforcement of said judgment as if the same had originally been entered by said court.

"Said United States District Court in said suit on January 24, 1929, made and entered its final judgment discharging said receivers and making final all the previous orders of the court entered in said cause.

"While said cause in said federal court was pending, a large number of the creditors and interveners in said cause entered into a voluntary association referred to in the record as the 'creditors' committee,' the general purpose and object of which was the protection of and rights as such creditors in the properties and assets then held in receivership.

"The general plan of procedure was that said creditors entered into the written contract with the managers of their organization and with each other, shown in the record, the plan being to establish their claims by intervention in said cause and have their managing officers, hereinafter referred to as the committee, purchase for said association the properties at receivers' sale and use their claims against the receivers as the consideration for said purchase.

"The plaintiff, J. C. Ward, signed the creditors' committee contract and became a member of said organization, although he struck out the part of said agreement before signing it requiring him to surrender his notes to said creditors' committee.

"The contract as signed by the plaintiff, J. C. Ward, along with all the other contracts of said creditors' committee, authorize said committee to employ an attorney, or attorneys, and to take all actions and institute all proceedings of any nature as to the committee might seem best and to represent it generally in carrying out the plan, including the filing and defending of all actions at law, or proceedings in bankruptcy, or any other legal proceedings. Said committee did employ Honorable A. H. Britain as attorney, to intervene in said federal suit for and on behalf of the claims of the members of the creditors' committee and to prosecute said claims in said cause so that the same might be established and made available for use in purchasing the properties at receivers' sale in said cause, and that on the 25th day of January, 1928, said attorney did file in said cause a petition of intervention for said claims held by the members of said creditors' committee, among which included in said petition was the two notes held by the plaintiff, J. C. Ward, and prayed for a judgment upon said notes and claims; the said A. H. Britain was present at the hearing before the special master in chancery at the time the Ward intervention was heard above referred to, and assisted in proving up the same before said master in chancery.

"After said claims of the creditors' committee had been proved up and allowed in said cause, the receivers therein sold all of the properties then held by said receivers at public sale under the orders of said court and that said creditors' committee, acting through their said managers, became the purchasers of said properties, which were and are of great value, and used largely as consideration therefor, the claims held by the members of said creditors' committee against said receivers, including the claim of the plaintiff, J. C. Ward, under the notes herein sued upon; after the sale of said properties, said creditors' committee, through their said agents and managers, took charge of the same and since said date have been managing and operating the same for the benefit of the members of said committee, including the plaintiff herein; that all of the credits shown on the plaintiff's said notes, as alleged in his said petition, were made to him as dividends by said creditors' committee after their purchase of said property at receivers' sale, as aforesaid, which dividends were received and accepted by the plaintiff with full knowledge that they were the ratable payment on the obligation owing to plaintiff by the original debtors; that at no time did the creditors' committee become liable upon said obligation, but only to distribute the proceeds from the sale of said properties, which obligation the creditors' committee fully performed.

"On the 22nd day of June, 1928, said United States District Court in said cause rendered and entered its judgment ratifying and confirming an agreement whereby the defendant, W. T. Willis, was discharged from all further liability as to all of the claims of the plaintiff and interveners in said cause, in which the plaintiff, J. C. Ward, was an intervener, and that by said judgment, the said W. T. Willis was released from all such claims on the consideration set out in said judgment, which order was made final by the final order in said cause on January 24, 1929.

"On May 18, 1928, said United States District Court in said cause No. 228 in equity rendered and entered its judgment ratifying and confirming an agreement whereby the defendant, W. W. Silk, was discharged from all further liability as to all of the claims of the plaintiff and interveners in said cause, in which this plaintiff, J. C. Ward, was an intervener, and that by said judgment the defendant, W. W. Silk, was released from all such claims on the consideration set out in said judgment.

"The said M. J. Bashara is dead and that the defendant, Mrs. Olga Bashara, is the duly appointed, qualified and acting independent

executrix of the estate of the said M. J. Bashara, deceased; but that as such independent executrix she received from the estate of the said M. J. Bashara, deceased, no exempt property whatever of any value.

### "Conclusions of Law.

■ "The plaintiff is not entitled to recover in this cause; the judgment heretofore rendered in the United States District Court in cause No. 228 in equity is in full force and effect; it is a valid and subsisting judgment; it is final; it was upon the identical cause of action sued upon herein and between the same parties, and is not subject to the collateral attack sought to be made upon it herein.

"The plaintiff was a party to said cause and is bound by the judgment rendered herein.

■ "Under the facts, the plaintiff is estopped to deny membership in the creditors' committee arrangement, and he is not entitled to recover herein as against said association.

■ "The facts are insufficient to warrant any judgment against the defendant Olga Bashara.

■ "Under the orders and judgments made especially with reference to the defendants W. T. Willis and W. W. Silk, the plaintiff is barred from recovery against them upon the obligations herein sued upon."

■■ In reply to defendants' plea setting up the judgment rendered in the federal court, the plaintiff alleged that the plea of intervention, filed in his name in that case, was filed without his authority, and therefore he was not bound by the judgment therein rendered. The plea of intervention was part and parcel of the judgment rendered in the federal court, and the plaintiff's plea of non est factum was not verified as required by article 2010, subd. 8, Rev. Statutes, and therefore testimony in support of the plea was unavailing to the plaintiff because incompetent under the decision of Thomason v. Berry, 276 S. W. 185, by the Commission of Appeals. The report of the master in chancery recommending the payment of plaintiff's claim, followed by the court's entry approving it, amounted to a final judgment. Plaintiff could not recover on the notes in this suit after receiving payments under and by virtue of the judgment in the federal court. Continental State Bank v. Waggoner (Tex. Civ. App.) 48 S.W.(2d) 1026. Furthermore, all of the findings of fact, recited above, had sufficient support in the evidence, and all assignments of error to the contrary are therefore overruled.

■■ In this connection it may be noted further that the mere fact that plaintiff retained possession of his notes at the time he signed the agreement recited in the court's findings was immaterial, since he was given full benefit of his claim to the same extent as if he had surrendered those notes at the time he executed the agreement; and the receipt by him of those benefits would be a ratification of the intervention in his favor, even though it be said that the plea of intervention in his behalf was filed without his authority.

And since plaintiff failed to establish by competent proof his plea of non est factum, noted above, decisions cited by him, to the effect that a judgment may be collaterally attacked if it appear that the court rendering it never acquired jurisdiction over the defendant, have no proper application here, in any event; the authorities so cited being such as Parker v. Spencer, 61 Tex. 155; Cooper v. Newell, 173 U. S. 555, 571, 19 S. Ct. 506, 43 L. Ed. 808; Batjer v. Roberts (Tex. Civ. App.) 148 S. W. 841; T. & P. Ry. Co. v. Gay, 86 Tex. 571, 26 S. W. 599, 25 L. R. A. 52.

For the reasons noted, the findings of fact and conclusions of law filed by the trial court are adopted as the findings and conclusions of this court; all assignments of error are overruled, and the judgment is affirmed.