EASTERN DIST.
*April*, 1838.

HAMPTON'S
HEIRS
*vs.*
BARRETT.

HAMPTON'S HEIRS *vs.* BARRETT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The vendor has the right to institute suit on each instalment of the price, as it becomes due. The *pendency* of another suit for a different instalment, in the United States District Court, sitting in the state, will be no bar to the action.

The federal and state courts are considered foreign to each other, even when sitting in the same state.

This is an action to recover the fifth instalment of interest, on the price of a sugar plantation and slaves, sold by the plaintiff's ancestor to the vendor of the defendant, for one hundred thousand dollars, payable in twenty years, with six per cent. interest, annually. In March, 1833, Pope, who bought of Hampton, sold and conveyed the plantation and slaves to Thomas Barrett, who assumed payment of the price and instalments of interest, as stipulated between the first vendor and Pope.

In April, 1834, General Hampton, then living and residing in South Carolina, sued Barrett on his assumpsit of Pope's contract, in the United States District Court for the Eastern District of Louisiana, for two instalments of interest falling due the first of January, 1833–4, amounting to twelve thousand dollars.

Barrett pleaded want of title, disturbance in possession, danger of eviction, etc., and prayed for a rescission of the sale.

On the 11th January, 1836, while the first suit was still pending, General Hampton having died, his widow and heirs commenced a suit on two more instalments of interest, falling due the 1st January, 1835–6, amounting also to twelve thousand dollars, in the first District Court of the state, alleging and styling themselves residents of the state of Louisiana.

EASTERN DIST.
April, 1838.

HAMPTON'S
HEIRS
vs.
BARRETT.

The defendant pleaded the exception of *pendente lite*, which was sustained by the district judge, who dismissed the suit, and an appeal was taken. See *the case in 9 Louisiana Reports*, 336.

The present suit was brought for recovery of the instalment of interest due on the same contract, the 1st January, 1837, amounting to six thousand dollars. The same exception was put in by the defendant and sustained, and the suit dismissed. The plaintiffs appealed.

*Preston*, for the plaintiffs, relied on the decision in the case of the same plaintiffs against the same defendants. See 9 *Louisiana Reports*, 336.

*Peirce, contra.*

*Martin J.*, delivered the opinion of the court.

This action is brought for six thousand dollars, the amount of the fourth year's interest of the price of a plantation, sold by the plaintiff's ancestor to Pope, and by him to the defendant. The first year's interest was sued for by the original vendor, (on the assumption of the defendant at the time of his purchase,) in the Court of the United States for the Louisiana District, and the second and third in the court of the first Judicial District of this state, (9 Louisiana Reports, 336,) by the present plaintiffs, since the death of their ancestor.

The defendant pleaded, as he had in the suit for the second and third years' interest, "that the plaintiffs had chosen the tribunal in this state wherein to try their rights, and that the defendant could not be sued in other courts for the same cause of action, while the case is still pending in the United States District Court, wherein he has alleged a real defence, involving the right of rescinding the said sale." And he further avers, "that plaintiffs had not any right to institute a separate suit for each instalment of the same debt;" and he prayed that this suit be consolidated with the preceding.

The exception was sustained, and the plaintiffs appealed.

EASTERN DIST.
*April*, 1838.

HAMPTON'S
HEIRS
*vs.*
BARRETT.

At the April term, 1836, we determined that the plaintiffs had an undoubted right to institute their action for the instalment which had lately become due. In the District Court of this state, their suit for that instalment is still pending; and if we then erred, we cannot relieve the defendant until the case returns here on an appeal from that court.

We are not convinced that we erred then, and our judgment must be the same on the appeal in the suit instituted on the instalment which has lately accrued.

We are ignorant of any law that prevents a vendor in a sale, the price of which is paid by instalments, to institute a suit for each instalment, as it becomes due. Whether the vendee may compel a consolidation of a suit on an instalment, with that depending on a former instalment, is a question which cannot come before us in the present case; this being for a separate one, and the last suit has been dismissed. Our learned brother doubts the correctness of a decision of the Supreme Court of the United States, in which the federal and states courts are considered as foreign to each other, and makes a distinction between the federal court which sits in the same state; he does not consider such a court as foreign to the courts of the state. We consider ourselves bound by the decision of the Supreme Court of the United States, and are not ready to admit any distinction between federal courts.

*The vendor has the right to institute suit on each instalment of the price, as it becomes due; the pendency of another suit for a different instalment, in the United States District Court, sitting in the state, will be no bar to the action.*

*The federal and state courts are considered foreign to each other, even when sitting in the same state.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the exception overruled, and the case remanded for further proceedings according to law; the defendants and appellees paying the costs of the appeal.