## BATJER v. ROBERTS.

(Court of Civil Appeals of Texas. El Paso. May 30, 1912. Rehearing Denied June 19, 1912.)

1. JUDGMENT (§ 829*)—FOREIGN JUDGMENT—COLLATERAL ATTACK.

The rule that a judgment reciting service of process on defendant cannot be collaterally attacked does not apply to a foreign judgment, which may be collaterally attacked for any defect showing lack of jurisdiction, and a federal court judgment is in such a sense a foreign judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1510–1515; Dec. Dig. § 829.*]

2. JUDGMENT (§ 490*)—COLLATERAL ATTACK.

Where the defect in the service of process does not deprive the court of jurisdiction and its judgment is voidable only, the judgment cannot be collaterally attacked.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 926–928; Dec. Dig. § 490.*]

3. COURTS (§ 21*)—JURISDICTION—MANNER OF ACQUIRING.

Courts acquire jurisdiction in suits in personam by personal service of process, but in suits in rem such process may be constructive, and the court may acquire jurisdiction to determine a suit in rem, though defendant has been served only by publication.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 69–74, 129–133; Dec. Dig. § 21.*]

4. MORTGAGES (§ 383*)—FORECLOSURE — SUIT IN REM.

A suit to foreclose a mortgage is a suit in rem.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1148; Dec. Dig. § 383.*]

5. JUDGMENT (§ 829*)—FOREIGN JUDGMENTS—COLLATERAL ATTACK.

Process in a suit in a federal court to foreclose a mortgage was not served on defendant until after the return day. A motion for decree pro confesso based on the failure of defendant to appear or file any demurrer or answer was heard several months after the date of the service. Subsequently final judgment of foreclosure was entered. Held, that the judgment was not subject to collateral attack because defendant could have answered long before the taking of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1510–1515; Dec. Dig. § 829.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action between E. G. Batjer and C. W. Roberts. From a judgment for the latter, the former appeals. Reversed and rendered.

Hardwicke & Hardwicke, of Abilene, for appellant. Sayles & Sayles and Kirby & Davidson, all of Abilene, for appellee.

PETICOLAS, C. J. This suit was one in trespass to try title for a lot in the city of Abilene, Tex. It appears from the statement of the nature and result of the suit, made by appellant, and which is agreed to by appellee, that about August 18, 1896, Roberts was the owner of the lot; that, joined by his wife, he executed a deed of trust securing a building and loan association in the payment of certain indebtedness. Thereafter said building and loan association was thrown into the hands of a receiver by a bill in equity filed in the United States Circuit Court, Western District of Texas, at San Antonio. In January, 1897, one W. C. Robards was appointed receiver, with power to take possession of assets and prosecute suits, etc. He qualified, and came into possession of the Roberts indebtedness. The receiver filed in said court an ancillary bill against

Roberts and wife and the trustee in the deed of trust, asking a foreclosure of the deed of trust lien on the property covered. November 7, 1899, the circuit court, on motion for decree pro confesso, decreed that a subpœna had been duly issued and served on Roberts and his wife, that Bergen, the trustee, had disclaimed; that no appearance had been made by the defendants, nor had they filed any demurrer, plea, or answer; that plaintiff had had an order duly entered taking said bill pro confesso more than 30 days prior to the hearing of the motion for the decree; that no proceedings had been taken by the defendants or either of them. Thereupon the court adjudged that said bill stand pro confesso against Roberts and wife, found the indebtedness against Roberts, the making of the deed of trust, the lien on the property, and referred the same to the master to state the account. In May, 1900, the bill coming on again to be heard, in a decree reciting service on Roberts and wife and the other matters which had been mentioned, final judgment was entered for the debt, foreclosure, etc., and W. A. Minter was named master to sell the property. November 26, 1901, Minter filed his report of sale, showing that on October 1, 1901, he sold the property to W. C. Robards, the receiver. The report was confirmed by the court November 26th, and said Minter directed to convey the property to the receiver, which he did by deed. December 20, 1901, writ of assistance was issued, Roberts was dispossessed, and Robards, the receiver, put in possession. December 23, 1901, the court made its order naming Minter special commissioner to sell the property as the property of said association. April 1, 1902, Minter sold the property, at which sale the appellant purchased the property in controversy, paying $300 to the receiver therefor.. By supplemental petition the plaintiff in this case alleges that the subpœna issued out of the United States court was not served until after its return day, that it was functus officio, and that said court never at any time acquired jurisdiction. The case was submitted on special issues and resulted in a judgment in the court below for Roberts.

To our mind, we need discuss but two points which are raised by the assignments.

[1] It is contended by the appellant that this judgment cannot be collaterally attacked. The ordinary rule with regard to domestic judgments which recite service is that they cannot be collaterally attacked for lack of service. There is, however, an exception to this rule with regard to foreign judgments, which may be collaterally attacked for any defect showing lack of jurisdiction. The cases in this state seem to hold that federal court judgments are susceptible to such an attack, because they are, in a sense, foreign judgments. League v. Scott, 61 S. W. 522; Railway v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292; Harby v. Patterson, 59 S. W. 63.

[2] But, although this judgment is susceptible of collateral attack, it remains to be seen whether or not the defect shown is such as deprived the federal court of jurisdiction and rendered its judgment void; it being apparent that, if the defect in service was such as that the judgment was but voidable, the attack, to be effective, must have been made by appeal or some other form of direct attack.

[3] Courts acquire potential jurisdiction, or the power to hear and determine a cause, in two ways: In suits in personam the defendant is brought into court by personal service of process; in suits in rem such process may be constructive, and there doubtless have been many cases suits in rem in which, although citation or process was duly published, the defendant, in fact, never knew of such suit. So that we realize that there may be the power to hear and determine a case when it is in rem, although as an actual matter of fact the defendant has never known anything of the case.

[4] We have no doubt that this suit, being one for a foreclosure, was, at least to the extent of the relief sought by foreclosure, a suit in rem.

In the case of Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, a judgment in a suit in rem was held valid as against collateral attack, even though there had been no service of process upon the defendant.

[5] It is not necessary, however, for us to make so broad a holding. Under the federal equity rules it is provided that appearance day shall be the rule day to which the subpœna is returnable, provided he (the defendant) has been served with process 20 days before that day; otherwise, appearance day shall be the next succeeding rule day succeeding the rule day when the process is returnable. In this instance, we gather that the subpœna was not served until after its return day; the subpœna issued on March 10th, directing appearance on or before the first Monday in April; the subpœna was executed April 14th. The motion for decree pro confesso came on to be heard in November. Referring again to the equity rule, if, with this subpœna returnable the first Monday in April, service had been had before that time, but not the full 20 days before that time, it is apparent that, under the rule, an appearance on the succeeding rule day would have been required. It is also apparent that a judgment based on such process would not have been susceptible even to direct attack, and it seems to us that it would be carrying technicality to the extreme limit to hold that, where the subpœna was actually served, and served at a time when the defendant could have appeared, could have pleaded, or could have answered long before any judgment was taken against him, because said subpœna was on its face

returnable prior to the time it was served, it divested the court of jurisdiction to such an extent as to render all proceedings had thereon void and subject to collateral attack.

We can very readily see that it may be, had the defendant in that case appealed from such judgment, that the federal appellate court might have held said service insufficient and reversible error; but we do not believe that a defect such as this, when the suit was in rem, when the defendant, in fact, had notice, and when he had ample opportunity to have appeared in said cause asserting any defense which he had, when he had notice or knew of many of the proceedings taken in said cause, would render such judgment void. It follows therefore that the lower court erred in failing to instruct a verdict for the purchaser under said judgment.

For the reasons indicated, the case will be reversed and here rendered for appellant.