### BERGHOLM v. PEORIA LIFE INS. CO. OF PEORIA, ILL., et al.

#### No. 4192.

Court of Civil Appeals of Texas. Amarillo. Oct. 11, 1933.

Rehearing Denied Nov. 8, 1933.

Bean & Klett, of Lubbock, for relator.

Wilson, Randal & Kilpatrick, of Lubbock, for respondents.

MARTIN, Justice.

This is an original petition for mandamus to compel the Hon. Clark M. Mullican, judge of the Ninety-Ninth district court of Lubbock county, Tex., and the Peoria Life Insurance Company of Peoria, Ill., to proceed with the trial of a suit filed by relator against respondent Peoria Life Insurance Company in cause No. 5407 in the said district court.

When the above case was called for trial at the September term, 1933, respondent life insurance company filed its plea in abatement, alleging, in substance and effect: That respondent had brought suit in federal court to cancel the insurance policy declared upon by relator in her suit in the Ninety-Ninth district court of Lubbock county, alleging the identity of parties and subject-matter and that such suit was filed and service had prior to the time relator's suit was filed; that respondent life insurance company's suit was No. 52 in equity in the United States District Court for the Northern District of Texas, Lubbock Division; that said court was a court of competent jurisdiction to determine the issues raised therein; that the suit was then pending on the said equity docket, was upon the trial calendar, and subject to be tried at any time the said court reached the same for trial. The prayer was for an abatement of relator's suit in the Ninety-Ninth district court of Lubbock county, with an alternative prayer that the cause should be continued until respondent's suit in equity in said United States District Court be finally determined and disposed of.

In her petition for mandamus relator alleged that the Hon. Clark M. Mullican had refused to try said cause and sustained respondent's plea in abatement.

We here set out literally so much of the order made by the trial judge as will illustrate its general character: "From such hearing the Court finds that to continue this cause until the term of this court beginning in January, 1934, will expedite the trial of

this cause and the final disposition thereon; that such a continuance will avoid confusion in this court; that it will be more expeditious to continue the trial of this cause until said time; that such a continuance will make it probable and possible that a more complete record may be had on the trial of this cause; that such a continuance will more nearly serve the best interests of the parties to this suit and of this court in the trial of this cause; that such a continuance will avoid a possible and probable multiplicity of suits in regard to the matters involved in this suit, and will avoid confusion and probable conflicts between this Court and other courts of competent jurisdiction concerning the subject matter of this suit; that such a continuance may make it possible that more complete justice may be rendered to all parties in this suit upon the trial of the case; the Court further finds that the Plea in Abatement should be overruled, and that the alternative prayer for continuance should be granted to the extent only that this cause be continued to the January, 1934 term of this court."

The rule is now definitely established in Texas that: "The pendency of a prior suit in a Federal Court will not abate a suit subsequently brought in a state court between the same parties and for the same cause of action, although the two courts may sit in the same state, and have the same territorial jurisdiction." 1 Tex. Jur. § 82, p. 114. This because a federal court derives its power and jurisdiction from a sovereignty different from that of the state courts. International & G. N. Ry. Co. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292; 1 C. J. p. 87, § 122, and numerous authorities there cited. The quoted rule necessarily compels the announcement that a litigant in state court has the legal right to a trial of his case "agreeable to the principles and usages of the law," though a prior case is then pending in federal court involving the same parties and subject-matter. It is clear that a trial court may not do indirectly that which the law forbids him to do directly. The effect of the trial court's order quoted above, as we construe the record, was to continue the case for two terms, thus suspending the right of relator to prosecute it. No other reason than the pendency of the federal court case is given in the sworn plea in abatement upon which the court acted and which was the basis of the order quoted. It sufficiently appears, we think, that his order of continuance for two terms was in response to and based upon the allegations of such plea. It is plausibly argued that a trial court has discretion about continuances, particularly if the condition of his docket is such as to preclude the trial of certain cases, and that we could presume here that the court acted on his own motion. While we think the record is sufficient to rebut this presumption, we would not feel authorized to indulge such presumption in the face of an order which continues the case, not to the next term of court, but to the term after that. The Ninety-Ninth district court meets in Lubbock county the first Monday in September, the eighth Monday after the first Monday in September, the second Monday in January, and the twelfth Monday after the second Monday in January. The next term of such court after September, 1933, would meet October 30, 1933.

Some of the various articles of the statute having to do with this subject are as follows:

"No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Article 2167, R. S. 1925.

"Every suit shall be tried when it is called, unless it be continued or postponed to a future day of the term to be placed at the end of the docket to be called again for trial in its regular order." Article 2162, R. S. 1925.

"When a case is called for trial, the issues of law arising on the pleadings, all pleas in abatement and other dilatory pleas remaining undisposed of shall be determined; and it shall be no cause for postponement of a trial of the issues of law that a party is not prepared to try the issues of fact." Article 2166, R. S. 1925.

We think that during the September and October terms of the Lubbock district court the relator had a right to have her cause on the trial docket, to have it called and to have the issues of law determined, and to have it tried unless some legal reason was shown for not doing so. This right was summarily denied relator by a continuance which abated this suit during two entire terms of court and in effect took it off the trial docket. We think such action is impliedly forbidden by the terms of the statutes quoted above. The plea in abatement shown in this record presented neither an equitable nor legal ground for continuance. We will not indulge the presumption that the trial court of his own motion suspended the prosecution of a cause over the next ensuing term of court in such manner as to deny all parties their legal rights under the statute. Not having the right to continue in response to the plea in abatement, we will not presume that he entered an illegal order of his own motion. If there could exist such an extreme state of facts that would justify a court in exercising his equity powers to continue a cause beyond the next ensuing term of court (a matter we do not decide), such showing should affirmatively be made to appear in the record. None such appears here.

We are without power to summarily order a trial of this case regardless of the rights

of prior litigants, the state of the pleadings, or the legal right to a continuance or postponement. The trial court is vested with a certain discretion with which we cannot interfere. Relator, however, is entitled to have her case called for trial and have it tried "agreeable to the principles and usages of the law."

A mandamus will issue in conformity to the above.

Mandamus awarded.