**COOK et ux. v. SMITH et al.**

No. 10225.

Court of Civil Appeals of Texas. Galveston.

July 17, 1936.

Rehearing Denied Aug. 4, 1936.

J. S. Bracewell, of Houston, for appellants.

C. A. Teagle, Williams, Lee, Sears & Kennerly, and Fred W. Moore, all of Houston, for appellees.

PLEASANTS, Chief Justice.

It is impossible to make a succinct statement of the nature and result of this suit because of the fact that the pleadings upon which the judgment appealed from was rendered cannot be clearly understood without a résumé of former pleadings and judgments made and rendered by and between the parties hereto with regard to the subject-matter of the suit. The following sufficient statement of these former proceedings and judgments is copied from appellants' brief:

"On December 11, 1931, the appellee, Fred T. Smith, held as collateral security a vendor's lien note owned by appellant Cook and wife and executed by Arthur J. Kral and wife, secured by the vendor's lien on Lots 103 and 104 in W. L. Edmundson's First Addition to the City of Houston. On said date they filed their petition in the district court of Harris County as plaintiffs, seeking foreclosure of the vendor's lien,

praying for judgment for the amount of the principal, interest and attorney's fees on the note. Honerkamp-Poch Lumber Company also joined as plaintiff, setting up a lien of $17,500.00, but affirmatively alleging that it was inferior to the lien held by Smith and the Cooks. Numerous other subordinate lien holders were made parties defendant in the suit. The petition was signed by J. V. Meek and Fred T. Moore 'Attorneys for plaintiffs, Fred T. Smith, M. Z. Cook and Nellie E. Cook.' They did not pray for an apportionment of the proceeds between them, although it is set out in the petition that appellee Smith was holding the note as collateral to Cook's note in the sum of $6000.00. There were no issues between the appellant and the appellee in such suit and no relief sought as against each other, as shown in the petition. There was an agreed judgment in the cause, Smith and Cook jointly recovering judgment against Kral for $9,000.00, it being recited that of the $9,000.00, $7,051.00 was due Smith, and establishing a superior lien as against the other defendants. It was recited in the judgment that Smith was 'entitled to be paid first out of any money derived from said $8,000.00 note and lien securing the same to the extent of $7,051.00.' The judgment recited, after ordering execution, that moneys derived from the sale should be applied first to Smith's debt, second to the balance of the judgment in favor of Cook and Smith, after crediting the amount of Smith's judgment and the balance to the subordinate lien holders.

"Execution in this cause was issued and delivered to the sheriff on the 11th day of May, 1932, directing that the proceeds be applied to the satisfaction of the judgment in favor of Smith and Cook in the sum of $9,000.00, there being no direction as to any apportionment of the proceeds between them. The sheriff made return on the execution, setting forth that he sold the property on the 7th day of June and that Cook bid $9,000.00 and paid the costs amounting to $93.50 and his additional costs of executing the writ and 'paid me no moneys that I could deliver to Fred T. Smith in accordance with the writ consequently there was no sale. This writ is therefore entitled to no credit except said $93.50 costs paid by M. Z. Cook. This writ is therefore returned not executed.'

"On the 7th day of July, 1932, an alias execution was placed in the hands of the

sheriff. This execution specifically directed the payment of Smith's claim in the sum of $7,051.00 and then the payment of the balance due Cook under the $9,000.00 judgment and the balance to the subordinate lien holders. The return showed that on the 2nd day of August, 1932, the property was sold to appellee Smith for $5,000.00, Smith paying the subsequently accruing costs and crediting the $5,000.00 on his judgment.

"On July 27th, after the issuance of the second execution and before the sale of the property, Cook applied to the 55th District Court for an injunction restraining the sale for a reasonable time, alleging that the sheriff had issued to him a deed pursuant to the first sale, and (further alleging) an agreement with Smith for a reasonable time to refinance the same, as hereinafter fully set forth. There was a notice issued of an application for a temporary injunction. On July 29, 1932, two days after, Judge Boyd of the 55th District Court, entered an order denying the application for temporary injunction, it being recited in said order that 'on this 29th day of July, 1932, came on to be heard plaintiff's petition in the above entitled and numbered cause, asking for a temporary injunction.' And after recitation that all parties had announced ready, etc., that the Court was of the opinion that 'plaintiff has not shown any good and sufficient ground for the issuance of the temporary injunction he prays for'; and further, 'It is therefore considered, ordered, adjudged and decreed that plaintiff's said prayer for a temporary injunction is hereby denied, that plaintiff take nothing herein, and that defendants recover their costs.' This is the only order which has ever been entered in this cause."

The suit in which the agreed judgment was rendered, and the two executions were issued, was No. 195747 upon the docket of the trial court. The suit in which appellants sought to enjoin the sale under the second execution and in which the judgment before set out refusing the injunction was rendered was No. 205897.

In this petition for injunction the plaintiffs, after pleading the agreed judgment rendered in cause No. 195747 and the sale of the land to plaintiff M. Z. Cook on June 7, 1932, further allege the execution by the sheriff of a deed to appellants which was delivered by the sheriff to appellee Smith, and also the procuring by Smith of the issuance of an alias execution under which the land was again advertised for sale. This petition further alleges:

"That there was harmony between them, the said M. Z. Cook and Fred T. Smith, the indebtedness of Cook to Smith being specific and undisputed; and that at the sale of said property under execution on the date of June 7, 1932, plaintiff M. Z. Cook, and defendant, Fred T. Smith, together with their attorney, Fred Moore, went to the said sale to bid in the property with the understanding that plaintiff should bid in the said property for the sum of Nine Thousand Dollars, and with the understanding that plaintiff did not at that time have cash, but that the Nine Thousand Dollars bid should be credited on the judgment against Kral et al., and with the further specific understanding that plaintiff should have a reasonable time in which to secure a loan on the said property or to sell said property and to pay defendant, Smith, the amount that was due him, and with the further understanding that in doing so, selling the property or borrowing money thereon, plaintiff would have the cooperation of defendant. * * *

"And plaintiff would further show into the court that the defendant has not cooperated with him in his efforts at raising the money to pay off defendant, and that defendant has not allowed plaintiff a reasonable time in which to raise the money; that it is exceedingly difficult to borrow money at this time and has been so ever since the aforesaid property had been in litigation, and that said facts are well known to defendant, Fred T. Smith, and were so known to him at the time he promised plaintiff to give him a reasonable time in which to raise the money; that a reasonable time under the present and existing circumstances and under the circumstances existing at the time of the aforesaid oral agreement would be not less than six months.

"And plaintiff would further show unto the court that defendant's judgment is well secured, that the security has been greatly augmented by the building of a new brick structure upon the aforesaid lots which more than doubled the value of said property since defendant made the said loan unto plaintiff; that the said judgment now carries a high rate of interest (10%) and that defendant is adequately protected and is not in any danger of losing his security or his debt or any interest thereon; that the value of said prop-

erty is more than Nineteen Thousand Dollars.

"That unless defendants are restrained from selling out the said property as they are preparing to do, plaintiff will suffer an irreparable loss and will lose his life's savings; that plaintiff is devoting his whole time to the effort of securing a loan on said property; that he has several good prospects and will be able to secure a loan and pay off defendant, Fred T. Smith, in full, together with all attorneys' fees legally binding against said property, within a reasonable time."

After the sale of the land to the appellee under the alias execution before mentioned, appellee on August 9, 1932, filed a motion in cause No. 195747 against M. Z. Cook (under the provisions of article 3821, Revised Statutes 1925) for 20 per cent. of the value of the property, alleged to be $12,000, as damages for the failure of Cook to comply with his bid of $9,000 in accordance with the agreed judgment under which the land was sold by the sheriff and purchased by Cook.

In answer to this motion appellants pleaded in substance the same facts pleaded in their petition for injunction in cause No. 205897 before set out, and further pleaded that on or about August 5, 1932, after the failure of the appellant to obtain an injunction to prevent the sale of the land under the alias execution at which sale it was purchased by the appellee Smith for $5,000, appellant brought suit in a district court of Harris county for the purpose of setting aside the sale to appellee Smith, "and in said suit alleges fully the aforesaid agreements, and that the said Smith is bound thereby, alleging that a reasonable time had not been allowed M. Z. Cook in which to raise said money; that it is exceedingly difficult to find loans at this unusual time and was so at the time of the agreements made by Smith and that the condition of the money market was well known to Smith and to his said attorney at the time of the said agreements; that a reasonable time under the present circumstances and under the circumstances existing at the time of the agreements is not less than six months; that plaintiff Smith is not in any danger of suffering loss; that the security behind his debt has been greatly augmented by the building of a brick building upon the land in question, and that the value of said property is now about twice the value it had at the time

Smith made the loan to Cook; and in said suit M. Z. Cook prays that the sale of the property to Fred T. Smith on the date of August 2, 1932, be set aside, etc., the number and style of said suit being No. 206,309 M. Z. Cook v. Fred T. Smith, reference to which suit and the instruments filed therein being here made for all purposes.

"And respondent further says that in said suit he is entitled to a trial of the issues before a jury, and that the issues raised by this motion of plaintiff, Fred T. Smith, can properly be adjudicated in said trial if under the circumstances this said motion does raise an issue."

The prayer of the answer is, first, that the motion for penalty be denied, and that respondent recover his costs. In the alternative he prays that the motion be taken with cause No. 206,309 before mentioned, or that the hearing of the motion be postponed until after cause No. 206,309 has been decided.

Upon the coming in of the answer, appellee asked leave to withdraw his motion for penalty. This request was granted by the trial court and the motion dismissed on June 26, 1933. Thereafter, on July 24, 1933, appellants with leave of the court filed an amended answer and cross-bill in suit No. 195,747 in which the motion for penalty had been filed.

This amended answer and cross-bill, in which appellants style themselves respondents as in their first answer and cross-bill filed in reply to appellees' motion for penalty, makes appellee and a number of junior lienholders hereinafter named parties defendant. This answer and cross-bill then repleads all of the material facts set out in the suit for temporary injunction before shown and in the original answer filed to appellees' motion for penalty. This answer further pleads as follows:

"That on or about May 6, 1931, the said Kral and wife were in default on said vendor's lien note, and respondent was desirous of foreclosing his said lien, and at the suggestion of the said Fred T. Smith, though this respondent was able, ready and willing to pay the semi-annual interest on the said $6,000.00 note, permitted the same to lapse so that the said Smith might in said suit obtain payment in full, it being contemplated by said parties at said time that said property would sell for far more than sufficient to satisfy said vendor's lien note; that pursuant to such agreement, respondent, his wife and the said Smith joined as

parties plaintiff in said cause, being represented by the same attorneys, and Honerkamp-Poch Lumber Company, who was also holding a lien against said property subordinate to that of respondent and relator, joined in as parties plaintiff; that the other parties herein were asserting claims against said property and all were made parties defendant; that on or about the 8th day of February, 1932, an agreed judgment was duly entered, awarding to the said Smith, respondent and his wife, a joint judgment against the said Arthur J. Kral and wife, in the sum of $9,000.00, together with foreclosure of their said lien (it being recited therein that $7,051.00 of said sum was due relator) and directing that the said Smith's note be paid first out of the proceeds derived from the sale of said property therein ordered and judgment for the other lien holders in varying amounts; that the said Smith in said proceedings did not seek or obtain any judgment against this respondent or his wife, and did not seek or obtain the establishment of any lien superior to that of the lien held by this respondent and his wife, there being no issue or controversy between respondent and said Smith; that said judgment ordered and directed that no execution or order of sale issue thereon for a period of ninety days from the date thereof, it being contemplated therein that the subordinate lien holders could protect their respective interests by negotiating a loan on said property, and Hon. Albert Young, one of the attorneys in said cause, was appointed trustee for all of said interests, for the purpose of negotiating said loan, all of which is shown on the face of said proceedings.

"That due to the financial depression existing at that time, the said Young was not able to negotiate a loan whereby anything might be saved for the said subordinate lien holders, and on or about the 10th day of May, 1932, the said ninety days having expired, respondent and relator, acting by and through their joint attorneys as aforesaid, applied for and obtained an execution and order of sale on said property, said execution being prepared by and under the direction of their joint attorneys, who had represented them in said cause; that at the time of the issuance of said execution, it was orally understood and agreed by and between the relator and this respondent that should there be no purchasers for said property, offering sufficient to pay off and discharge in full said $9,000.00 note, that this respondent would become the purchaser thereof for the sum of $9,000.00 and credit said bid on the judgment aforesaid, and would hold said title in trust subject to the lien for the sum due relator, and would thereafter within a reasonable time negotiate a loan thereon for a sum sufficient to satisfy his claim; that pursuant thereto, said order of sale, as prepared by their joint attorneys, directed the sheriff to sell said property and apply the proceeds thereof 'to the payment and satisfaction of the judgment in favor of Fred T. Smith and M. Z. Cook and wife, Nellie E. Cook, in the sum of $9,000.00, with interest, etc.,' and further directed that the excess be paid to the subordinate lien holders. That said property was advertised for sale under the direction of their joint attorneys as aforesaid, and in pursuance to said agreement, did not direct that the lien (interest) of this respondent and the said Smith be sold but directed that the interest of all of the other defendants would be sold at said sale; that said sale was had on the 7th day of June, 1932, and pursuant to said agreement, this respondent bid the sum of $9,000.00, which was the highest and best bid for the property, and the same was struck off to respondent for the said sum of $9,000.00; that respondent duly paid all the sheriff's costs and said costs incident to said sale; said judgment against Kral and wife was duly credited with the sum of $9,000.00 and a return thereof so made by the sheriff and a deed made, executed and delivered to their said attorney, and the title to the said property thereby became vested and is now vested in this respondent and his said wife, subject only to the lien of relator for his debt, less credit for the rents as more particularly hereinafter alleged; that respondent immediately went into complete possession of said property with the complete knowledge and acquiescence of said Smith."

After further allegation as to the condition of the money market which made it impossible for appellant, at the time the second execution was issued under which the land was sold and purchased by appellee, to obtain the money to pay appellee the amount due on the $6,000 note, this cross-bill further pleads:

"That almost immediately upon learning of respondent's difficulties in obtaining said loan, relator conceived the unlawful and fraudulent intent, purpose and design to dispossess respondent and to obtain said property for himself for a nominal sum and defeat and divest this respondent and his

said wife of all the interest they had therein, and defeat and divest the said Kral of the $9,000.00 credit on said judgment; that pursuant thereto, he demanded the immediate payment of the said sum of $7,051.00 and advised respondent that if the same was not immediately paid he would procure the cancellation of the deed then in the hands of their joint attorneys, and also the cancellation of the sheriff's return which had theretofore been made and would procure the issuance of an alias execution and have the said property resold; that their joint attorneys ceased to represent this respondent at said time, and although said deed was duly executed and delivered to their said attorneys, as aforesaid, they, without lawful authority, redelivered said deed to the sheriff who destroyed the same and unlawfully undertook to change the return upon the execution which had theretofore been made so that the return so changed would recite that no sale had been made; that said return so made by the sheriff erroneously and unlawfully recited that this respondent had failed to comply with his bid, 'paying only the sum of $93.50 costs due herein, and my additional costs of executing the same, and paying me no moneys that I could deliver to Fred T. Smith in accordance with the writ, consequently there was no sale.' That said recitation in said return is false in so far as it recites that said writ directed that any of the said moneys be paid to the said Fred T. Smith or its implication that respondent was not in law and by virtue of his agreement with the said Smith, which agreement was known to the sheriff at the time of said sale, authorized to credit the said judgment with the sum of $9,000.00 and convey the property to respondent. Wherefore, respondent says that he should have judgment in all things correcting the return last made on said execution, and vesting the title to said property in respondent subject only to the lien of the said Smith for the sum which is due and owing him which respondent' has at all times and now recognizes.

"Respondent would further show to the court that in pursuance to said unlawful scheme, and desire to acquire the title to the above property as above set forth, relator unlawfully procured the issuance of an alias execution on said judgment on the 7th day of July, 1932, directing that said property be again sold, and to apply the proceeds thereof, 'first to the payment of the debt to Fred T. Smith in the sum of $7,051.00, plus interest in accordance with said decree, next in satisfaction of the judgment in favor of Fred T. Smith, M. Z. Cook and wife, Nellie E. Cook, in the sum of $9,000.00.' That the sheriff under and by virtue of said alias execution advertised said property for sale, publishing the same in the Daily Court Review of Harris County, Texas, for the first Tuesday in August, said notice reciting that at the required time he would sell 'any and all right, title, interest and claim which said defendants, Honerkamp-Poch Lumber Company, Arthur J. Kral and wife, Flora Kral, S. E. Armstead, M. C. Jarvis, Frank Lima, G. E. Bustin, S. Elliott, W. L. Jones, Wiley Trammel, R. D. Fulkerson, R. W. Hamblen, Pyramid Stone Company, Parker Bros. & Co., Inc., L. B. White Company, Rogers Asbestos Company and Pittsburg Plate Glass Company had, of, in, or to the following described land and premises', describing the premises in controversy; that pursuant to said notice, the said sheriff unlawfully undertook to sell the said interests in said property to relator Smith on the first Tuesday in August for the sum of $5,000.00.

"That said purported sale to the said Smith was unlawful, illegal, and void, and ought to be set aside and cancelled by this honorable court for the following good and sufficient reasons, to-wit:

"(1)   That said order of sale contained in said judgment had theretofore been executed and title passed to respondent under and by virtue of the first execution as above set forth and the clerk was not authorized to issue another and said sheriff was without power or authority to further execute the same.

"(2)   That said Smith was without power or authority to cause the issuance of an alias execution on said judgment without the concurrence of respondent, the same being a joint judgment and in control of said parties, and this respondent did not agree to issuance of said alias but protested the issuance of the same.

"(3)   That said Smith had theretofore agreed with respondent that he would have a reasonable time within which to refinance said property and hold title for their joint use, and under the conditions prevailing at that time, the said Smith repudiated said agreement and a reasonable time had not elapsed subsequent to the return of the first execution and prior to the issuance of the second.

"(4) That said notice was wholly insufficient in law to pass the title of this respondent or any title thereunder, because the same contained an insufficient description of said property in that it directed that only the interest of the other named defendants would be conveyed at said sale, and that all of said named defendants whose interest was to be sold had only a. one-third lien thereon and said mis-description was caused and calculated to deter all persons from bidding on said property and none other but the said Smith appeared at said sale for the purpose of bidding thereon. * * *

"Though said sale to relator Smith under said alias execution was wholly illegal and void, said Smith procured a sheriff's deed to said property and immediately went into possession thereunder ousting respondent, and has since the 2nd day of August, 1932, been in complete possession and control of said premises, collecting the rents therefrom, which is here alleged to be the sum of $250.00 per month; that this respondent is due and owing to relator the said sum of $6,000.00 together with interest, less the amount of rentals collected by the said Smith; that said Smith has collected rentals far in excess of the amount required to pay all accrued interest on his original obligation as aforesaid; that respondent alleges that in view of the economic conditions as heretofore alleged and the fact that relator's obligation will not mature until December 9, 1934, and that the interest on said obligation has been paid far in advance, and that he is in complete control and possession of said property, the 9th day of December, 1934, would be and is a reasonable time to be allowed this respondent in which to refinance said property and pay off and discharge all sums justly due and owing to relator.

"Respondent alleges further in the alternative should he be mistaken in his allegations that the sale under the first writ of execution above referred to was valid and that he is now vested with the legal title to such property, and if it should be further held by this court that the second sale to relator Smith was valid, then respondent says that said sale was made only of the interest of defendants named in said notice of sale and the deed executed thereunder, and that respondent has a valid subsisting lien on said property for the balance due and owing him under and by virtue of said judgment and is entitled to have said lien in all things foreclosed and an order of sale issued, directing that said property be sold in satisfaction of respondent's debt."

The prayer of the cross-bill is for relief in accordance with the alternative pleas above set out.

The appellee answered the cross-bill by general demurrer, and a number of special exceptions on the ground of misjoinder of parties and causes of action, and by exceptions or pleas in which it is averred in substance that judgment in cause No. 205,897 was a final judgment in which appellees' pleas in abatement were sustained and appellants' suit dismissed.

Upon the submission of this cause in the district court for the Sixty-First district of Harris county, on August 9, 1933, by agreement of the parties it was taken under advisement by the written consent of both parties. The judgment from which the appeal is prosecuted, which was rendered on June 30, 1934, after reciting the agreement of the parties for postponement of the decision of the cause "from time to time and from term to term up until and including the date of this judgment" concludes:

"It appearing from the pleadings, evidence and argument of counsel that there was another cause, No. 205,897, styled Cook v. Smith, filed prior to Cook's said complaint, involving the same subject matter, embracing the same cause or causes of action, and between the same parties, and that the matters in controversy in said suit are the same matters in controversy presented in this proceeding, except that different relief is requested, and that this proceeding filed by Cook and wife should abate and be dismissed if said cause No. 205,897 has not been finally concluded or should be barred if cause No. 205,897 has been finally concluded and a final judgment entered therein.

"It is therefore considered, ordered, adjudged and decreed, on this the 30th day of June, 1934, that the suit and cause or causes of action, if any, set out in the so-called Second Amended Answer and Cross-Action filed by M. Z. Cook and wife, be and the same are hereby abated and dismissed, the said Smith's pleas in abatement set out in paragraphs numbered I, II, and III of his said answer being hereby sustained, at the cost of the said M. Z. Cook and wife, for which execution may issue, and to all of which said complainants then and there in open court excepted, and gave

notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District at Galveston."

It is manifest from the language of the judgment before set out that the only plea or exception contained in appellees' answer which was passed upon by the trial court is plea No. 1, which is as follows:

"That all the matters set up in said pleading of M. Z. Cook and wife, Nellie E. Cook, were decided adversely to them in this cause and in cause No. 205,897; that in said latter suit, styled Cook v. Smith, said Cook prayed for a writ of injunction to enjoin the defendant and the sheriff of Harris County from selling the property described in his said motion at public sale on August 2, 1932; that said application for injunction was based upon an alleged agreement to give Cook a reasonable time within which to raise the money to pay off Smith's debt, which is the same agreement attempted to be set up here, or if not the same is still nevertheless concluded and decided by the judgment in said cause; that said petition was duly heard by the Honorable Ewing Boyd, Judge of the 55th District Court of Harris County, Texas, who proceeded to hear all of said allegations on their merits; that after duly hearing the evidence and argument of counsel said court found that Cook's allegations were not true and rendered judgment for defendant Fred T. Smith, refusing to hold up or delay said sale on August 2, 1932; that said judgment in cause No. 205,897 was rendered on July 29, 1932, and is a final judgment, was not appealed from and has in nowise been reversed, minimized, nor nullified in any way.

"Wherefore, Smith prays that Cook's said motion be abated and dismissed by this court; and that Smith recover his costs."

There is no testimony in the record .tending to show that the judgment of Judge Boyd of the Fifty-Fifth district court in cause No. 205,897 was other than a judgment denying appellant Cook's application for a temporary injunction. This is the plain import of the language of the judgment. When this injunction was refused, that suit upon the pleadings was finally concluded. The temporary injunction could have been and doubtless was refused on the ground that appellant had an adequate remedy at law by suit to set aside the sale to Smith on the grounds alleged in the suit in which he sought the temporary injunction. This is the remedy he is seeking in the present suit. We do not think that appellee in this suit should be permitted to show that the judgment refusing the temporary injunction in cause No. 205,897 was based upon a finding that the plea in abatement presented by appellees in that suit was sustained, and that judgment not having been appealed from, it is final and conclusive on the merits of appellants' case as presented by their pleadings in this suit.

This suit to set aside the sale was properly brought in the court from which the execution was issued, and the fact that appellant in his amended cross-bill in answer to appellees' motion for penalty styles himself "respondent" is not material upon the question of the jurisdiction of the court to hear and determine the question of whether there was a valid sale of the land to appellee under the alias execution issued in the original suit.

The record in this court shows by bill of exception that when the court announced his decision holding that appellees' plea in abatement should be sustained, counsel for appellant "further reiterated his desire (previously expressed to the court) to abandon cause No. 205,897, if the court was of the opinion that the same was still pending and in open court requested the court to announce his conclusion as to whether or not said cause was in fact pending and whether or not the sustaining of the plea in abatement so announced was based upon the theory that said cause was pending or whether the order entered July 29, 1932, constituted a final judgment in order that he might cause a dismissal to be entered in said cause should the court be of the opinion that no final judgment had been entered therein. Notwithstanding the request so made, the court entered the order sustaining said plea in abatement without indicating whether or not said order was based upon finality of the proceedings above referred to or based upon the fact that said suit was still pending, except the reasons stated in the court's order sustaining the plea.

"To which action of the court, Cook in open court through his attorney duly excepted and tenders this his bill of exceptions and asks that the same be signed, approved and filed as a part of the records of this cause.

"J. S. Bracewell,
"Attorney for respondent Cook.

"Signed, approved and ordered filed as a part of the record in this cause, this 27th day of August, 1934.

"Allen B. Hannay, Judge."

It is a well-settled rule of law in this state that the pendency of another suit will not authorize the abatement of the suit in which such plea is filed without giving the plaintiff the opportunity to elect which suit he will abandon. 1 Texas Juris. p. 98, § 69; Wilkerson v. Ft. Worth & D. C. Ry. Co. (Tex.Civ.App.) 171 S.W. 1041; City of Dallas v. McElroy (Tex.Civ.App.) 254 S.W. 599; International & G. N. Railway v. Barton, 24 Tex.Civ.App. 122, 57 S.W. 292.

As we have before said, the order, which we have before set out in full, made by the court in cause No. 205,897 refusing appellant's application for temporary injunction, is, we think, plain and unambiguous, and only adjudicates appellant's right to the temporary injunction for which his suit was brought. Such being the character of the order, it goes without saying that the failure to appeal therefrom could not convert this order into a final judgment against appellant upon all the questions raised by the pleadings in that suit. The rule for construing judgments and orders of a court is thus stated in 25 Texas Juris. p. 459, § 86: "If plain and unambiguous, it is not to be interpreted in the light of subsequent or prior statements or acts of the court evincing judicial intention when the judgment was rendered. Nor can a judgment be sustained or explained by reference to the understanding of the parties, even though entered pursuant to stipulation. It must be read as an entirety, and if, taken as a whole and construed according to well-known rules, it is unambiguous, no room is left for interpretation."

The same authority makes this further statement on page 459: "If the judgment is ambiguous, application is made of familiar rules of construction, such as that effect will be given to reasonable intendments, that a writing will be made to harmonize with the facts, that the circumstances will be considered, and that a common-sense construction will be put upon the language as a whole."

If our conclusion that there is no ambiguity in the order can be questioned, the undisputed evidence in the case requires the application of the second rule laid down in the authority next above quoted. This evidence shows that the petition in the injunction suit was filed on July 27th. The sale was to be made August 2d. The defendant had every reason not to subject himself to the jurisdiction of the court upon the merits of the case. The court issued a notice to appear on the second day following, to wit, July 29th, to show cause why a temporary injunction should not be granted. Hearing was had the third day after the petition was filed. Upon this evidence the order can only be made "to harmonize with the facts," and no other "common-sense construction" can be given its language as a whole than that the court only decided the question of appellant's right to a temporary injunction.

The case of City of Seymour v. Montgomery (Tex.Civ.App.) 209 S.W. 237, fully sustains our holding as to the construction to be placed upon this order and its effect upon appellees' plea of abatement of appellant's suit.

The trial court not having passed upon the exceptions of appellees raising the question of misjoinder of parties and causes of action, the question is hardly presented so as to require our decision.

It seems to us, however, that the general rule that in suits to set aside an execution sale all parties to the suit in which the judgment was rendered should be made parties to the suit to set the sale aside, is applicable to the question of the proper and necessary parties to this suit, and asking in the alternative for different kinds of relief, or the prayer for all of the relief necessary to fully preserve the rights of plaintiff, is not an infraction of the rule against misjoinder of causes of action.

The judgment is reversed and the cause remanded.

Reversed and remanded.