## CAREY et al. v. SHEETS.

### No. 1922.

Court of Civil Appeals of Texas. Waco.

Oct. 14, 1937.

J. Rob Griffin, of Fort Worth, for appellants.

J. S. Simkins, of Corsicana, for appellee.

GALLAGHER, Chief Justice.

Appellee, E. S. Sheets, on January 21, 1936, instituted this suit in the county court of Navarro county against E. V. May and appellant R. E. Carey. He alleged that May resided in Navarro county but was temporarily in Tarrant county, and that Carey resided in Tarrant county. Carey, by proper plea, asserted his privilege to be sued in the county of his residence. Thereafter appellee filed an amended petition, in which he made C. C. Bennett a party defendant. He alleged that May resided in Navarro county but was temporarily in the state of Alabama, and that Bennett resided in Tarrant county. Bennett, by separate plea, asserted his privilege to be sued in the county of his residence. Appellee sought in said amended petition to recover on a promissory note and to foreclose a mortgage lien on a truck to secure the same. He alleged that said note and lien were executed and delivered to him by May; that the same contained a stipulation that said truck should not be removed from Navarro county until such indebtedness was paid, and that a copy thereof had been duly filed with the county clerk as provided by law. He further alleged that May had removed said truck from Navarro county and had taken the same to Tarrant county; that he had made a pretended sale thereof to Carey; that Carey was claiming that Bennett had advanced the money to make such purchase and that he had turned the title to said truck over to him, and that Carey and Bennett were conspiring together to defeat his lien and prevent a foreclosure thereof. Appellee further alleged that he had caused the issuance of a writ of sequestration for said truck and that such writ had been levied thereon by an officer of Tarrant county.

Appellee contested each of the pleas of privilege filed as aforesaid, by separate affidavits, in which he set out his cause of action as alleged in the amended petition and made such petition a part thereof.

Said pleas were tried together. Appellee introduced affirmative testimony that May resided in Navarro county when the suit was instituted. Appellee also introduced testimony that he held an unsatisfied note and mortgage on said truck executed to him by May and that appellants claimed some right, title, or interest in and to said truck under him. The court overruled both pleas of privilege but did not file findings of fact.

## Opinion.

The venue of the trial court having been challenged by a proper plea, it devolved upon appellee to allege and prove facts sufficient to show that the suit was properly brought in Navarro county. 43 Tex.Jur. p. 814, § 86. Appellee, in reply to said pleas of privilege, alleged and proved that May resided in said county when the suit was instituted, and also proved a cause of action against said May for the recovery of his debt and the foreclosure of his lien on said truck. When one of the parties to a suit to foreclose a chattel mortgage resides in the county in which such suit was instituted, all persons in possession of the mortgaged property and claiming under the original mortgagor are proper parties thereto and are suable in such county when proof of the cause of action alleged against the resident defendant is made. 43 Tex.Jur. p. 755, § 38, and cases cited in note 5 thereto; Id., p. 767, § 48, and cases cited in note 18 thereto; Cantey v. City Nat. Bank (Tex. Civ.App.) 95 S.W.(2d) 475, 477, par. 5, and authorities there cited. See, also, in this connection, Gamble v. Martin (Tex. Civ.App.) 151 S.W. 327, par. 5 (writ re-

fused); Shipley v. Pershing (Tex.Civ.App.) 5 S.W.(2d) 799, par. 3; Richardson v. Kent (Tex.Civ.App.) 21 S.W.(2d) 72, par. 2. The situation with reference to venue is not, as contended by appellants, affected by the fact that appellee failed to secure personal service on May and afterward deemed it necessary to have him cited by publication. 33 Tex.Jur. p. 849, § 43; Id., p. 852, § 45; Northcraft v. Oliver, 74 Tex. 162, par. 6, 11 S.W. 1121; Batjer v. Roberts (Tex.Civ.App.) 148 S.W. 841, pars. 3 and 4. The action of the court in overruling said pleas of privilege was proper.

The judgment of the trial court is affirmed.