F & C ENGINEERING COMPANY and
Aetna Casualty & Surety Co.,
Appellants,

v.

C. F. BRYAN and V. V. Steptoe, Appellees.

No. 10612.

Court of Civil Appeals of Texas.

Austin.

Jan. 14, 1959.

Rehearing Denied Feb. 4, 1959.

Fulbright, Crooker, Freeman, Bates & Jaworski, St. John Garwood, Jr., Houston, for appellants.

Adams & Browne, J. Melvin Franks, Beaumont, for appellees.

GRAY, Justice.

This is a venue case and is an appeal from an order overruling appellants' pleas of privilege.

On May 8, 1956, appellees C. P. Bryan and V. V. Steptoe, filed suit No. 17,918 in Jefferson County against appellant F & C Engineering Company to recover for labor performed in Jefferson County and to recover a reasonable attorney's fee. F & C filed its plea of privilege to be sued in Harris County, the county of its residence. This plea was controverted and was set for hearing for September 24, 1956. On that date the hearing was passed by agreement and the plea was not disposed of prior to the order from which this appeal is prosecuted.

On November 27, 1957, appellees filed suit No. 18,720 in Jefferson County and in the same court where Cause No. 17,918 was pending. This suit was against F & C and Aetna Casualty and Surety Company, a foreign corporation, and sought a recovery: for the hire of three trucks rented to F & C; for labor performed for F & C on a highway construction project in Jefferson County, and for a reasonable attorney's fee.

Appellees alleged that they had perfected a lien for their debt; had given notice of their claims, and that F & C and Aetna had executed and filed a lien release bond dated May 28, 1957. It was further alleged that F & C was doing business and had an agent in Jefferson County and a joint and several judgment against F & C and Aetna was prayed for.

F & C and Aetna filed their pleas of privilege to be sued in Harris County the county of their residence. These pleas

were controverted and set for hearing on January 17, 1958. The pleas were heard January 31, 1958 and were overruled by a judgment entered March 11.

Appellant F & C's answer to the controverting affidavit filed in Cause No. 18,720 contained a plea in abatement alleging, in effect: that F & C had filed its plea of privilege in Cause No. 17,918; that the plea was controverted and set for hearing but never heard, and that the filing of Cause No. 18,720 forced successive venue hearings on the same claim, and that it caused delay and, as a matter of law, constituted abandonment of venue in Jefferson County.

It appears that appellees filed their motion to consolidate Cause No. 17,918 and Cause No. 18,720 and that on January 31, 1958 the causes were consolidated. It also appears that on that day appellant's plea in abatement was overruled.

Appellants' first four points complain, in effect, that the trial court erred in overruling the plea in abatement and in not transferring the cause to Harris County.

Appellants say that the filing of the second suit placed appellees in the same position, as to venue, as if they had taken a nonsuit in the first after a plea of privilege was filed.

■ The fact that the hearing on the plea of privilege was passed by agreement is not controverted and there is no showing of any action taken at a subsequent time. This does not operate as a waiver of venue by appellees. Ragland v. Short, Tex.Civ.App., 245 S.W.2d 368, mand. overruled. Narveson v. Nock, Tex.Civ.App., 214 S.W.2d 842. Farrar v. Anglin, Tex. Civ.App., 273 S.W.2d 665.

■ At the time the plea in abatement was filed and heard the first suit and the plea of privilege filed therein were matters pending. Thereafter appellees did not elect to abandon the first suit but elected to consolidate it with the second.

In Cook v. Smith, Tex.Civ.App., 96 S.W. 2d 318, at page 326, er. dism., the court said:

"It is a well-settled rule of law in this state that the pendency of another suit will not authorize the abatement of the suit in which such plea is filed without giving the plaintiff the opportunity to elect which he will abandon. 1 Texas Juris. p. 98, § 69; Wilkerson v. Ft. Worth & D. C. R. Co., Tex.Civ.App., 171 S.W. 1041; City of Dallas v. McElroy, Tex.Civ. App., 254 S.W. 599; International & G. N. Railway Co. v. Barton, 24 Tex. Civ.App. 122, 57 S.W. 292."

The question before us in this appeal is venue only. Appellants' plea in abatement was addressed to the jurisdiction of the trial court and we have held supra that the matters alleged therein (and for that matter shown in support of the plea) did not constitute a waiver of venue in Jefferson County. The plea in abatement then is not a matter to be determined in this venue hearing. Forman v. Prince, Tex.Civ.App., 97 S.W.2d 1002.

Points five through ten complain that there was no evidence to sustain venue in Jefferson County under Exceptions 23 or 27, because there was no evidence to show: that appellees furnished any services or materials for the construction project in Jefferson County, and no evidence to show that either F & C or Aetna maintained an agency or representative in Jefferson County. The remaining points eleven and twelve complain that venue cannot be maintained in Jefferson County under Exception 12 because: the pleadings show that the suit is one to foreclose a lien on real or personal property and there is no evidence to show that any real or personal property on which a lien is sought to be foreclosed is located in Jefferson County.

Appellants offered no oral testimony and none to contradict appellees' testimony that

appellees performed labor for F & C in Jefferson County; that F & C was the contractor for the highway construction project in Jefferson County and maintained an office there and that Aetna maintained an office in Jefferson County (at Beaumont).

The lien release bond executed by Aetna and F & C named F & C as principal and Aetna as surety and obligated them, jointly and severally, to pay to named claimants the amount of money opposite their names. Appellees are named and the amount of their claims are set opposite their names. The bond then provides:

"Whereas, the above claimants or their assigns have attempted to fix liens against a certain contract, same being Project No. F 1052(24);

"Control 508–4–11; SH 73 in Jefferson County, that said contractor has performed for the State Highway Department of Texas, in the amount opposite each claimant . . .

"Now, Therefore, in accordance with Acts 1929 41st Legislature, 2nd Called Session, Page 154, Chapter 78 [Vernon's Ann.Civ.St. art. 5472b–1], the condition of this obligation is such if the said principal shall pay the said claimants or their assigns the amount of said claim or such portion or portions thereof as may be proved to be a lien under the provisions of Chapter 17, General Laws of the State of Texas, passed by the Regular Session of the 39th Legislature [Vernon's Ann.Civ.St. arts. 5472a, 5472b] and shall pay all Court costs adjudged against the principal in actions by the said claimants or their assigns then this obligation shall be void, otherwise to remain in full force and effect.

"Sealed with Our Seals and dated this the 28th day of May, A. D. 1957."

The proof shows that F & C is a Delaware Corporation with a permit to do business in Texas and the lien release bond names Aetna as a corporation with its residence in Connecticut and duly authorized to do business in Texas. Thus both appellants were shown to be foreign corporations doing business in Texas and with agents or representatives in Jefferson County. Moreover the proof shows that services were performed by appellees for F & C in Jefferson County. Without such services there would have been no cause of action and for which reason it must be said that the cause of action or a part thereof accrued in Jefferson County.

Exception 27 of Art. 1995, Vernon's Ann. Civ.St., in part provides:

"Foreign corporations, * * * not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, * * *"

Venue in Jefferson County was properly sustained against F & C and also against Aetna under Exception 27 supra. In either event venue as to the other was properly sustained there under Exception 29a of Art. 1995 supra because the full relief prayed for was a joint and several judgment against F & C and Aetna and both were necessary parties to secure the full relief prayed for. Ramey & Mathis, Inc. v. Pitts, 149 Tex. 214, 230 S.W.2d 211.

What we have said renders it unnecessary for us to consider points eleven and twelve.

The judgment of the trial court is affirmed.

Affirmed.

HUGHES, J., not sitting.