MORGAN'S LOUISIANA & TEXAS RAILROAD & STEAMSHIP COMPANY v. GUS C. STREET, JR.

Decided October 20, 1909.

**1.—Removal of Cause to Federal Court—Waiver.**

When, during the progress of a trial in a State Court, the cause becomes removable to the federal court by reason of the dismissal from the cause of the resident defendants, the right to removal by the remaining defendant will be waived and lost by its failure immediately upon dismissal of the other defendants to request the court to suspend the trial in order that it might have time to prepare a bond and application for removal. Such defendant will not be allowed to continue the trial and take the chances of a favorable verdict.

**2.—Torts—Concurrent Jurisdiction.**

It is well established that the courts of one State have the right to take jurisdiction of causes of action for torts to persons based upon acts or omissions done or occurring in other States where the tort is actionable under the laws of both States. If the laws of the two States are dissimilar the trial court will apply the laws of the State where the cause of action arose.

**3.—Abatement—Pendency of Another Suit.**

The fact that after the institution of a suit in this State for damages for personal injuries, the plaintiff filed suit against the same defendant on the same cause of action in another State furnished no cause for abating the suit in this State.

**4.—Negligence—Concurring Cause.**

A defendant is liable for injuries to another when its negligence is merely a concurring and not the sole cause of the injuries.

Error from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for plaintiff in error.—The courts of Texas will not undertake to try or adjudicate controversies arising from occurrences in other States whose laws applicable thereto are radically different from the laws of Texas applicable to such occurrences in this State, whether such dissimilarities pertain to the right of action, the remedy, measure of recovery, or the elements of defense. Willis v. Mo. Pac. Ry. Co., 61 Texas, 432; Texas & Pacific Ry. Co. v. Richards, 68 Texas, 375; St. Louis, I. M. & S. Ry. Co. v. McCormick, 71 Texas, 660; DeHarn v. Mexican Nat'l Ry. Co., 86 Texas, 71; Mexican Nat'l Ry. Co. v. Jackson, 89 Texas, 107; Slater v. Mexican Nat'l Ry. Co., 194 U. S., 48 L. ed., 900.

When a plaintiff seeks to have the courts of Texas take cognizance of and try a case involving controversies that arose in another State and depending upon the laws of such other State, and it appears that the plaintiff has pending a similar case, based on the same cause of action, in the courts of such other State, it would be contrary to the comity between the two States for the Texas courts to entertain jurisdiction and adjudicate such controversy; and a plea to this effect verified as provided by article 1265 of the Revised Civil Statutes of Texas would apply, at least by analogy, in abatement of the action so asserted in the Texas court. Payne v. Benham, 16 Texas, 367; Trawick v. Martin Brown Co., 74 Texas, 522; article 1265, Rev. Stats. of Texas, sec. 4.

When it appears, in the trial of a case, under the undisputed evidence, that there are radical conflicts and dissimilarities between the laws of the State of Texas and of Louisiana, bearing on the right of action, remedy, or defense sought, the courts of Texas will decline to take jurisdiction and will refuse to enter judgment. Willis v. Mo. Pac. Ry. Co., 61 Texas, 432; Texas & P. Ry. Co. v. Richards, 68 Texas, 375; St. Louis, I. M. & S. Ry. Co. v. McCormick, 71 Texas, 660; DeHarn v. Mexican Nat'l Ry. Co., 86 Texas, 71; Mexican Nat'l Ry. Co. v. Jackson, 89 Texas, 107; Slater v. Mexican Nat'l Ry. Co., 194 U. S., 48 L. ed., 900.

*Lovejoy & Parker,* for defendant in error.

NEILL, Associate Justice.—This suit was originally brought by defendant in error, hereafter called plaintiff, against the Southern Pacific Company, the Texas & New Orleans Railroad Company and plaintiff in error, Morgan's Louisiana & Texas Railroad & Steamship Company, hereafter called defendants, to recover damages for personal injuries alleged to have been inflicted through their negligence when in their service operating a motor car on the railroad of the last-named defendant in the State of Louisiana.

Morgan's Louisiana & Texas Railroad & Steamship Company seasonably filed its application and bond to remove the case to the United States Circuit Court for the Southern District of Texas, whereupon

the application was granted and the cause transferred to the federal court. On March 20, 1903, upon motion of plaintiff, the cause was remanded by the United States Circuit Court to the District Court of Harris County, Texas, wherein the suit was first instituted. Then each of the defendants filed its original answer in the District Court April 7, 1908, which embraced, on behalf of each defendant, the following pleas in abatement and demurrers, to wit: (1) a verified plea as to the jurisdiction of the Texas court, based on certain alleged dissimilarities between the laws of the State of Louisiana and the State of Texas, specially alleged; (2) a plea in abatement, setting forth that prior to the time this cause was remanded to the State court, a suit based on the same cause of action, between plaintiff and the defendant Morgan's Louisiana & Texas Railroad & Steamship Company, had been instituted and was still pending in the State of Louisiana; (3) a general demurrer; (4) a special demurrer on account of the misjoinder of parties defendant, and (5) a special demurrer based on the contention that the petition, on its face, showed the injury complained of to have resulted from the negligence of a fellow-servant. The pleas to the jurisdiction and in abatement, and the demurrers, were duly submitted, heard and overruled by the court. Thereafter the Morgan's Louisiana & Texas Railroad & Steamship Company filed its first amended original answer which, in addition to said overruled pleas and demurrers, contained the following pleas in bar, to wit: (1) a general denial; (2) the negligence of a fellow-servant; (3) contributory negligence on the part of Street (a) in failing to keep proper lookout for obstructions on the track and (b) in sitting in a careless position and manner on the motor car without holding on or securing himself; (4) assumed risk; (5) unavoidable accident; (6) a plea in bar of the action by reason of various dissimilarities alleged between the laws of Louisiana and of Texas applicable to such cases. The case as to all the parties was then tried before a jury, and resulted in a verdict and judgment in plaintiff's favor against Morgan's Louisiana & Texas Railroad & Steamship Company in the sum of $12,500, the plaintiff having, before the case was submitted to the jury by the charge of the court, dismissed it as to the other two defendants; and the jury were expressly informed in the second paragraph of the general charge, which directed them on account of such dismissal to consider only the defendant Morgan's Louisiana & Texas Railroad & Steamship Company in arriving at their verdict.

After the judgment was rendered, the motion for a new trial overruled, the court adjourned for the term and the petition for a writ of error filed in the District Court, the defendant Morgan's Louisiana & Texas Railroad & Steamship Company, on September 25, 1907, filed another petition and bond for removal of the case to the federal court, which application, with the bond, was presented to and denied by the court on October 5, 1908. This application was based upon the ground of diverse citizenship of the parties, and was urged upon the theory that on the voluntary dismissal by plaintiff of the other two defendants (who, having been parties, defeated the first application for removal), the case against it, as the only defendant, was removable to

the federal court upon its filing a proper bond and application therefor.

As the action of the trial court in denying the application for removal just referred to is assailed by an assignment of error, styled "Error apparent of record," we will dispose of it before considering those which go to the merits of the case.

If it be conceded, as we think it should be, that upon the voluntary dismissal of the other two defendants, the case as to this one, notwithstanding it had gone to trial against them all, *eo instante* rendered it subject to removal to the federal court upon the defendant's filing a proper bond and application, yet we are of the opinion that it waived its right of such removal, the case being then on trial, by failing to request the court to suspend the trial, in order that it might have time to prepare a bond and application for removal and present it for the action of the court; and by taking its chances for a verdict by continuing in the trial of the case without then taking such steps as were necessary to remove it to the federal court. It can not be successfully contended that defendant did not know of the fact that plaintiff had discontinued his action as to the other two; for, as is shown in our statement of the case, the second paragraph of the court's charge expressly informed the jury that plaintiff had dismissed his suit as against the Southern Pacific Company and the Texas & New Orleans Railroad Company, and directed them to only consider the defendant Morgan's Louisiana & Texas Railroad & Steamship Company in arriving at their verdict. If defendant's counsel did not know of the dismissal before, they knew it then or were charged with knowledge of it, for the record shows they were in court, where it was their duty to be. And as the court was required to read the charge to the jury, it must be presumed it discharged such duty, and that it was heard by defendant's counsel. Then they should have taken the proper steps to have the cause removed, instead of taking chances of a verdict in their client's favor, and not have waited until after the verdict against the defendant was returned, judgment entered on it, motion for a new trial overruled, court adjourned and application for a writ of error sued out, before presenting the bond and application for the removal of the cause.

But under the first assignment of error is advanced this proposition: "When a plaintiff, having sued in a State court and sought to fix joint liability on two defendants, one a resident, the other a non-resident of the State, has kept his pleading in this form so that the case is not removable until after the lapse of the time limited by the laws of the State for pleading or answering in said case; and thereupon the plaintiff voluntarily abandons and dismisses the case as against the resident defendant, by an order entered of record concurrently with and as a part of a judgment then entered against the non-resident, such a device is a fraud on the right of a non-resident defendant to have the cause removed under the statutes of the United States; it estops the plaintiff to complain of delay in the removal proceedings, and vitiates the judgment, rendering it void as against the exercise by the non-resident defendant of his right and option to so remove the case by filing and presenting his petition and bond there-

after, and such option and right to remove will continue in defendant so long as the removal status of the record continues, and up to the time when such defendant would be required to plead or answer in response to this *new* status of the record."

We need not discuss nor pass upon the abstract question of the soundness of the proposition in its entirety; for it is more extensive than can be sustained by the record. It is deemed sufficient to point out that the record does not warrant the assertion contained in the proposition that plaintiff voluntarily abandoned and dismissed his case against the resident defendants, "by an order entered of record *concurrently* with and as a part of the judgment against the non-resident." In this case no judgment was entered, nor could be, until after the verdict was returned; there could have been no verdict until after the charge was prepared by the court and read to the jury, and the charge expressly states that the plaintiff had dismissed his suit against the two resident defendants. Therefore, the order of dismissal was not entered of record "concurrently with and as a part of the judgment against the non-resident defendant." But, as is shown by what has been said in disposing of the preceding assignment, the order was entered in ample time to have enabled the defendant by taking the proper steps to have presented its bond and application for removal before the verdict was returned and the judgment on it rendered. Inasmuch as no such steps were taken, it can not be truly said that defendant's "option and right to remove continued" after the verdict and judgment, but from that time must be considered waived. (Northern Pacific Ry. Co. v. Austin, 135 U. S., 315, 34 L. ed., 218; Chesapeake & O. Ry. Co. v. Dixon, 179 U. S., 140, 45 L. ed., 125; Powers v. Chesapeake & O. Ry. Co., 169 U. S., 101, 42 L. ed., 676; Jones v. Mosher, 107 Fed. Rep., 561.)

Having thus disposed of these preliminary assignments, we come to the consideration of those which question the validity of the judgment.

The contention on the part of defendant that the court erred in not sustaining its plea to its jurisdiction by reason of the alleged dissimilarity of the laws of Louisiana—the State where plaintiff's injury was inflicted—to those of this State, can not be maintained. The right of the courts of one State to take jurisdiction of causes of action for torts to persons based upon acts or omissions done or occurring in other States, is established beyond dispute. The alleged injury to the plaintiff is actionable under the laws of Louisiana as well as under those of Texas. It is transitory in its nature, and such as can be brought wherever jurisdiction can be obtained over the person of the defendant. Even if there were a dissimilarity between the laws of the two States, as applicable to the action, that would not deprive the courts of Texas of jurisdiction. For they would simply apply the laws of the State where the cause of action arose, as was done in this case. That after the institution of this suit, the plaintiff also sued the defendant on the same cause of action in Louisiana, furnished no cause for abating the suit brought in this State.

There was no error in the court's refusing defendant's request to instruct the jury that, "according to the law and the undisputed evidence in this case," the plaintiff is not entitled to recover, and there-

fore to return a verdict in favor of defendant. Because the evidence was not undisputed, but in sharp conflict, it was for the jury to weigh and determine its probative force. In doing so they must have found that the derailment of the motor car, which was the cause of plaintiff's injuries, was due either to the unsafe and defective condition of the axle of its front wheel, or to the speed at which Stevens, who was defendant's servant and vice-principal in charge of and running the car, propelled it, or to both causes combined. The evidence was reasonably sufficient to warrant the jury in finding that either or all of these acts were the cause of the derailment which resulted in plaintiff's injuries, and that they all were negligent acts of the defendant; and also that the plaintiff did not assume the risk of the derailment from any of said negligent acts and was guilty of no negligence contributing to his injuries.

This disposition of the third assignment of error also disposes of the fourth, fifth, sixth and ninth, which complain that the evidence is insufficient to support the findings of the jury; and also of the seventh, which complains that the court erred in submitting to the jury the question as to a defect in the left front wheel and axle of the car, whether it was in an unsafe and defective condition, and, if unsafe and defective, whether such condition caused the car to leave the track and was the proximate cause of plaintiff's injuries, upon the ground that there was no evidence to warrant the submission of such issues.

There is no error in that part of the charge complained of in the eighth assignment. If, as is said by the court in that part of its charge, there was mud on the rail and it was only the concurring cause with the condition of the wheel and axle and speed of the car, or with both together, in producing the derailment, then the presence of mud on the rail would not defeat plaintiff's action, if the left front wheel was in a defective and unsafe condition by reason of defendant's negligence, or if the rate of speed the car was running was negligence, and that either of such acts of negligence, or both concurring, caused the derailment, either together or in connection with mud on the rail.

So much of the requested charges, the refusal of which is complained of in the tenth, eleventh and twelfth assignments, as is the law applicable to the case. is embraced in the court's main charge.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.