## MACK v. RESERVE LIFE INS. CO.
### No. 11922.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 17, 1948.

Rehearing Denied Dec. 15, 1948.

40

George Cannon, of San Antonio, for appellant.

Birkhead, Beckman, Stanard, Vance & Wood, of San Antonio, and Margaret A. Brand, of Dallas, for appellee.

MURRAY, Justice.

This suit was instituted on January 22, 1948, by Reserve Life Insurance Company, in the District Court of Bexar County, Texas, against Howard Mack and others, seeking to recover damages for the unlawful use by the defendants of certain "leads" belonging to plaintiff. Howard Mack was served with citation in said cause on January 28, 1948, and filed his answer therein January 30, 1948. Plaintiff filed its amended petition on May 3, 1948, for the first time bringing into the case the question of an accounting between it and Howard Mack by reason of the fact that Mack had been a former employee of plaintiff and was entitled to certain commissions and compensation which had not been paid in full.

On May 21, 1948, Howard Mack filed a suit in the United States District Court for the Northern District of Illinois, Eastern Division thereof, being cause No. 48C, 717, in which suit Mack sought a recovery from Reserve Life Insurance Company of certain commissions and compensation allegedly owing to him by said company.

The Judge of the 73d District Court of Bexar County, Texas, took the position that his court had already acquired jurisdiction of this matter and issued a permanent injunction prohibiting Mack from prosecuting the cause of action he had filed in the United States Court of Illinois. Howard Mack has appealed from that order.

There are a great many matters raised by appellant's brief which we do not believe can properly be passed upon in this appeal. We are of the opinion, however, that the order granting the injunction should be reversed and the injunction dissolved, for the reason that the District Court of Bexar County, Texas, and the United States District Court of Illinois have concurrent jurisdiction to hear and determine this controversy, and it being an action strictly in personam, regardless of which court first took jurisdiction of the case, neither should be enjoined from proceeding with the trial, but when one court has rendered a final judgment in the cause such judgment may be pleaded as res judicata in the other court. The rule is different if the cause is one in rem or quasi in rem. Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader, Atty. Gen'l., 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Princess Lida of Thurn and Taxis et al. v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L. Ed. 605.

Accordingly, the judgment granting the injunction will be reversed and the injunction set aside and held for naught.