Chester R. MORRIS, Appellant,

v.

UNIVERSITY OF TEXAS et al., Appellees.

No. 10819.

Court of Civil Appeals of Texas.

Austin.

June 29, 1960.

Rehearing Denied July 27, 1960.

---

Chester R. Morris, per se, San Antonio, for appellant.

Taylor & Tyler, Austin, Will Wilson, Atty. Gen., J. Lawrence Hargrove, Asst. Atty. Gen., for appellees.

GRAY, Justice.

This appeal is from an order restraining appellant, Chester R. Morris, from further prosecuting his suit for damages against appellee, Dr. Anthony P. Rousos, which suit was filed and is pending in the United States District Court for the District of New Mexico.

Appellant filed suit for damages against appellee and others in the district courts of Travis County. On April 20, 1960 these causes were consolidated. This date is referred to as the date of consolidation but we do not find an order of that date in the record. However there is in the record the following order:

"Order Consolidating Separate Suits. On hearing the Motion of the University of Texas and of the State of Texas, Defendants in the above styled cause No. 115,363, and Arno Nowotny and Carl Bredt, Defendants in the above styled cause No. 116,387, and Paul White, a Defendant in the above styled cause No. 116,389, to consolidate these separate causes, and it appearing to the Court that said causes should be consolidated, it is ordered, adjudged and decreed that the above styled and numbered causes be consolidated and that the parties thereto replead, and that the consolidated suit proceed under the number of the first mentioned of such causes above, to-wit, No. 115,363.

"Entered this 3rd day of May, 1960."

Appellant was the plaintiff and appellee was a defendant in cause No. 116,389. Subsequent to the filing of cause No. 116,-389 appellee moved from the State of Texas and took up residence in the State of New Mexico and personal service on him in the cause was not had.

Appellant's New Mexico suit was filed April 18, 1960 and service on appellee in that suit was had April 25, 1960. The cause is and will be referred to as cause No. 4412.

On April 25, 1960 appellant filed his motion which is styled: No. 115,363, No. 116,-387 and No. 116,389. As shown by the transcript the endorsement on this motion is:

"(Endorsed) No. 115,363 Filed in the 53rd District Court of Travis County, Texas at 9:10 A.M., April 25, 1960. O. T. Martin, Jr., District Clerk by Vera B. Steedley, Deputy."

The above motion recites that appellee:

" * * * moves the court that action in said causes be suspended pending final disposition of cause No. 4412 in the United States District Court for The District of New Mexico, Chester R. Morris, plaintiff v. Anthony P. Rousos defendant * * *."

The motion says:

"Dr. Anthony P. Rousos was named a defendant in cause No. 116389 because the plaintiff was mistaken about his address. The plaintiff apologizes if he incorrectly stated the residence of Dr. Rousos in cause No. 116389. The plaintiff was ignorant of the fact Dr. Rousos had moved when he wrote his petition in cause no. 116389. The petition was filed December 21, 1959 and Dr. Rousos is listed in the Austin telephone directory for December 1959 as living at 3612 Bridle Path, Austin, Texas, phone number Gr 8–1838."

By his answer filed April 27, 1960 appellee answered the above motion. This answer recites that the causes were:

" * * * consolidated on April 20, 1960, by order of this Honorable Court and would respectfully show the Court as follows:

"Defendant Anthony P. Rousos, acting by and through his duly authorized attorney, Q C Taylor, announced in open court that he would immediately after the Court sustained the motion of defendants to consolidate said aforementioned causes of action file an answer for the defendant Dr. Anthony P. Rousos, who had not been served in terms of the law to support a personal judgment against him by the plaintiff, and immediately after the granting by the Court of the motion

to consolidate said causes of action against the defendants, the defendant Anthony P. Rousos, by his attorney, filed his formal answer submitting to the jurisdiction of this court in the above consolidated causes and more particularly in Cause No. 116,389 which was consolidated with the other causes."

He further alleged that:

" * * * in order to expedite the litigation and to avoid prejudice, expense, a multiplicity of suits and issues, and in the interest of justice, the Court in order to prevent irreparable damage and injury and further harassment to defendant Anthony P. Rousos should grant defendant a restraining order and temporary injunction prohibiting the plaintiff Chester Morris from taking any further proceedings in Cause No. 4412 now pending in the Federal District Court of the United States in Albuquerque, New Mexico, and that plaintiff be prohibited from proceeding to trial in said cause until said consolidated suits Nos. 115,363, 116,387 and 116,389 are finally tried and disposed of by a final judgment rendered by this Court in this cause, and over which this Court has jurisdiction of the subject matter, all parties, and all causes of action involved.

"Your applicant in this connection alleges and shows that it is a fact that as to said proposed suit in New Mexico, service was not secured on this applicant defendant until April 25, 1960, whereas defendant and applicant answered in this cause now before the Court on April 20, 1960; that jurisdiction has first attached in this cause before this Court; that the prosecution of other suits, and in particular the said New Mexico cause will be a harassment, involve unnecessary time and expense, will frustrate justice, and immediately threatens to work irrepara-

ble harm, injury, and damage to this applicant and defendant, * * *."

A hearing was had on appellant's motion and during that hearing the trial court inquired and appellant answered as follows:

"The Court: What did you do? I just asked you that question. You say here that you want this suit that you have pending here suspended until final disposition of Cause No. 4412 in the United States District Court of New Mexico, styled Chester R. Morris, Plaintiff, versus Anthony P. Rousos; how did that case get started out there, and when did it get started. A. Well it started after—you told me you couldn't approve a judgment and there hadn't been any answer filed at that time, and I prepared a complaint and mailed out there to the judge * * *."

On May 3, 1960 the trial court entered the following order:

"It is accordingly ordered that the plaintiff Chester R. Morris be, and he is hereby restrained, enjoined and prohibited from taking any further proceedings in Cause No. 4412, civil action now pending in the United States District Court for the District of New Mexico, and plaintiff Chester R. Morris is further prohibited, anjoined and restrained from proceeding to trial in said cause until said consolidated suits Nos. 115,363, 116,387 and 116,389 now pending in this court under the consolidated No. 115,363, are finally tried and disposed of by final judgment rendered by this court."

In deference to appellee's argument in support of the trial court's action we have quoted at length from the record before us. However the suits in Travis County and the one in New Mexico are pending in separate jurisdictions and involve only the personal liability of appellee and are therefore suits in personam and not in rem.

These are facts to be considered in determining the authority of the trial court to enjoin the New Mexico proceeding.

■ The rule as to actions in personam was considered and announced in Kline v. Burke Construction Co., 260 U.S. 226, 227, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077. There an application was made to the Federal Court for an injunction restraining the prosecution of a suit in a State Court. The Court said:

"* * * a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res judicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

The court concluded:

"The rule, therefore, that the court first acquiring jurisdictions shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply. Since that necessity does exist in actions in rem and does not exist

in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

Mack v. Reserve Life Ins. Co., Tex.Civ. App., 217 S.W.2d 39, 40, decides the question here presented. There the Insurance Company filed a suit on January 22, 1948 against Mack et al. in a district court of Bexar County seeking to recover damages. Mack was served with citation January 28 and answered claiming commissions and compensation allegedly due him by the company. Thereafter on May 21, 1948 Mack filed suit in a United States District Court for the State of Illinois wherein he sought recovery of commissions and compensation allegedly due him by the company. The trial court issued a permanent injunction restraining Mack from prosecuting the Illinois case. Mack appealed. The court applied the above rule and said:

"* * * it being an action strictly in personam, regardless of which court first took jurisdiction of the case, neither should be enjoined from proceeding with the trial, but when one court has rendered a final judgment in the cause such judgment may be pleaded as res judicata in the other court."

Also see: Morgan's Louisiana & T. R. & S. S. Co. v. Street, 57 Tex.Civ.App. 194, 122 S.W. 270, Er. ref.; International & G. N. R. Co. v. Barton, 24 Tex.Civ.App. 122, 57 S.W. 292, Er. ref.; Supreme Forest Woodmen Circle v. City of Belton, Tex. Civ.App., 66 S.W.2d 439, Er. ref.; 1 Tex. Jur.2d, Abatement and Revival, Secs. 36 and 37.

■ It is our opinion that the trial court erred in granting the injunction complained of. Accordingly the judgment granting the injunction is reversed and the injunction is set aside and held for naught.

Reversed and rendered.

HUGHES, Justice (concurring).

I agree with appellee that the Trial Court could, in the exercise of its equitable jurisdiction and powers, enjoin appellant from prosecuting the New Mexico suit. 21 C.J.S. Courts § 554, 43 C.J.S. Injunctions §§ 48, 49.

This power of a court should be exercised sparingly, not capriciously, and not unless a clear equity is presented requiring the interposition of the court to prevent manifest wrong and injustice. 21 C.J.S., supra.

In my opinion, there is insufficient equity on the side of appellee to warrant issuance of the injunction under the rule stated above.

The basic facts are:

Appellant's original petition (Cause No. 116,389) complaining of appellee and another was filed in the court below on December 21, 1959. Appellee was alleged to be a resident of Travis County.

On December 22, 1959, the Clerk of the Court issued a nonresident notice for service on appellee in Albuquerque, New Mexico. This notice was served December 24, 1959, and the return of service was filed in the court below February 4, 1960.

Subsequently, the exact date not being shown, appellant requested an interlocutory default judgment against appellee which was refused.

Subsequently, and again the dates are missing, appellant attempted to procure permission from the Federal District Courts in Austin, El Paso and San Antonio, Texas, and in the Circuit Court of Appeals at New Orleans to sue appellee on a pauper's oath. These efforts failed.

Subsequently, appellant undertook to obtain permission from a Federal District Court in New Mexico to sue appellee on a pauper's oath. After several unsuccessful efforts, this permission was obtained and the suit was filed on April 18, 1960, in the

United States District Court, District of New Mexico.

Two days afterwards, April 20, 1960, appellee filed an appearance in the court below. He was served in the New Mexico suit on April 25, 1960.

During the proceeding below, from which this appeal comes, the following occurrence is reflected by the record:

"The Court: Is there anything else, now, Mr. Morris, that you want to tell the Court about what you have done or are planning to do in New Mexico? You have asked the Court here to stop this suit and hold it up until you can try the suit out in New Mexico against Dr. Rousos by himself. A. That motion wasn't granted. I suppose I could dismiss Dr. Rousos in this Court and then there wouldn't be—

"The Court: But you haven't dismissed him up to this time, have you? A. No.

"The Court: No. A. I would have no objection to dismissing him, and that would be what I would want to do if the motion—

"The Court: That is what you would want to do?

"Mr. Kerns Taylor: We are asking for affirmative relief, Your Honor.

"The Court: I know what you are asking for. I am just giving this man now a chance to tell me why I shouldn't treat him like any other litigant is treated when he goes to try to set the whole country afire with one little lawsuit."

One of the grounds upon which appellee sought injunctive relief was to prevent a multiplicity of suits, yet the above colloquy discloses that appellee presented an objection to dismissal of one of the two suits which the record shows have been filed against him. The validity of this objection is not before us.

When I consider that appellee is objecting to being sued in his home State and the fact that he did not file his appearance in the court below, which was essential to a personal judgment against him, as long as appellant was unsuccessful in his attempts to sue him elsewhere, and his objection to a dismissal of this suit, I find myself unable to agree that he is entitled to the equitable relief he seeks.

I concur in the majority judgment.